DOROTHY G. KENNEY *vs.* BUILDING COMMISSIONER OF MELROSE.

Middlesex.   November 4, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Zoning.  Melrose.  Words,* "Greenhouse," "Conservatory."

A conservatory eleven feet by twenty-four feet in size, to be attached to a garage in the rear of a dwelling house in Melrose and to be used for the cultivation of plants solely for the personal pleasure of the owner of the premises, would come within a provision of the Melrose zoning ordinance permitting in a residential district a building for "accessory purposes such as are proper and usual with residences," and, formal requirements being met, the owner as a matter of law was entitled to the issuance of a permit for its construction; it would not be a "greenhouse" within another provision of the ordinance authorizing the building commissioner with the consent of the planning board to give permission for the use of premises in such a district for "Stock-farm, truck garden, nursery or greenhouse."

PETITION for a writ of mandamus, filed in the Superior Court on May 19, 1943.

The case was heard by *Dowd*, J.  In this court it was submitted on briefs.

*J. G. Bryer*, for the petitioner.

*H. E. Cryan*, City Solicitor, for the respondent.

RONAN, J.  This is an appeal from an order dismissing a petition for a writ of mandamus, brought in the Superior Court against the building commissioner of Melrose, to compel him to issue a building permit for the construction of a building designed for use as a garage and a conservatory.  The case was submitted to the trial judge upon a statement of agreed facts.

The premises of the petitioner are located in a "Residence 'A' District" as defined by the zoning ordinance of the city.  This ordinance provides in section 5, in so far as now material, that, within any Residence "A" or "A–1" district, except as provided in section 7, no building or premises shall be used and no building or structure shall be erected except for dwelling houses and other specifically enumerated purposes, among which are those contained in section 5 (g), which reads as follows: "Accessory purposes such as are proper and usual with residences for one family and are not injurious to a neighborhood as a place for such residence."  Section 7, which is captioned "Permissive Uses in Residence 'A', 'A–1' and 'B' Districts," authorizes the building commissioner with the written consent of the planning board to give permission in accordance with the procedure provided in section 4 for the construction and use of buildings and land for certain purposes including, as specifically set forth in section 7 (b), "Stock-farm, truck garden, nursery or greenhouse."  Section 4 provides for the filing of an application with the building commissioner, where permission of the commissioner and the planning board is required for the construction and use of a building for a purpose permitted by the ordinance, and, after notice and a public hearing by the commissioner and the board, for the granting or refusal of the application.  The building ordinance, however, by section 7, authorizes the commissioner

to grant a permit for the construction of a building if the application and specifications conform to the requirements of the building and other ordinances of the city.

The petitioner contemplates the erection in the rear of her residence of a garage measuring fifteen by twenty feet joined by an enclosed passageway to a conservatory which is to measure eleven by twenty-four feet. She intends to cultivate exotic plants and flowers for her personal use in her own home. The plans for the proposed structure were prepared by an architect. The application for the building permit, which was filed in accordance with the building ordinance, was properly made on a form supplied by the building commissioner, and the plans, which accompanied the application, were in form satisfactory to the building commissioner. The judge ruled that the respondent was "given discretionary power under section 7 of the zoning ordinances" to grant or refuse an application for a building permit for the construction of the building contemplated by the petitioner, found that there was no abuse of discretion in refusing the petitioner's application, and ordered the petition dismissed.

An examination of the statement of agreed facts indicates that the present controversy seems to center entirely about the erection of the conservatory rather than of the garage. It may have been thought that the difficulties that once lay in the path of one seeking to erect and use a private garage which is an appurtenance to a dwelling and in which not more than three automobiles are to be kept have been cleared away by G. L. (Ter. Ed.) c. 148, § 14, as amended by St. 1938, c. 103. We consider the case as presented by the parties.

The petitioner filed proper application and plans with the building commissioner, which, in the absence of anything to the contrary appearing, we assume called for the erection of a structure in conformity with the provisions of the building ordinance. She contends that she was entitled as matter of law to the issuance of a permit. There would, doubtless, be much strength in the petitioner's contention if the building ordinance alone were involved. While the

right of a landowner to utilize his land by the construction of a building for a lawful purpose may be regulated by an ordinance prescribing definite standards and guides to be followed in its construction, yet upon compliance with these requirements he is entitled to a permit.  The right to build would be utterly lacking in substance if its exercise could be prevented by the arbitrary and capricious refusal of a permit, or if the granting or denial of the permit rested in the discretion of some official or board.  The court has been zealous to vindicate the right to improve one's property when its aid has been sought by one who has been wrongfully deprived of enjoying such a right.  *Newton* v. *Belger,* 143 Mass. 598.  *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464.  *Goldstein* v. *Conner,* 212 Mass. 57. *Kilgour* v. *Gratto,* 224 Mass. 78.  *General Baking Co.* v. *Street Commissioners of Boston,* 242 Mass. 194.  *Commonwealth* v. *Badger,* 243 Mass. 137.  *Commonwealth* v. *Atlas,* 244 Mass. 78.

The authority of the building commissioner to issue a permit was expressly limited to cases where the application and plans showed compliance not only with the building ordinance but with the other ordinances of the city among which, of course, is the zoning ordinance including section 7 of that ordinance, if said section is valid.  The petitioner contends that a conservatory is a use authorized by section 5 (g) of the zoning ordinance as it is an accessory use which is "proper and usual with residences for one family," and that she was entitled to erect and use such a building upon the granting of a building permit which, she urges, it was the duty of the building commissioner alone to issue.  The respondent points out that a conservatory is a greenhouse, which is one of the permissive uses mentioned in section 7 (b) of the zoning ordinance, and contends that a permit for its construction cannot be issued until a hearing has been had and the written consent of the planning board secured in accordance with section 4 of the zoning ordinance.

The permissive uses, so called, which may be made of land and which require the consent of the planning board are

enumerated in section 7 as (a) hospital, sanatorium, club or like institution, (b) stock farm, truck garden, nursery or greenhouse, and (c) such accessory uses as are proper and usual with the foregoing purposes and are not injurious to the neighborhood as a place of residence.  The question is whether the term "greenhouse" as used in this section of the zoning ordinance includes a conservatory of the size in question to be used solely for the personal use of the owner.  Greenhouses and conservatories are buildings usually having a roof and all or some of their side walls of glass.  Conservatories are frequently attached to dwellings and so become a part of the residence.  While they are used for the cultivation of plants and flowers, yet their dominant purpose is the display and exhibition of plants and flowers for the gratification and pleasure of the persons maintaining the conservatories.  A greenhouse is sometimes used for the cultivation of flowers, but cultivation on a larger scale than in the case of a conservatory, and the product of the greenhouse is usually raised for purposes of sale.  The word "greenhouse" is used in the section in question in conjunction with a stock farm, truck garden and nursery.  It must be construed with reference to its context.  It is one of four permissive uses, each of which deals with what in a broad sense may be regarded as an agricultural use of land.  They include a stock farm, a nursery or tree farm, a truck garden or plot where vegetables are raised for market, and a greenhouse conducted as a commercial or farming undertaking.  A general term in a statute or ordinance takes meaning from the setting in which it is employed.  The literal meaning of a general term in an enactment must be limited so as not to include matters that, although within the letter of the enactment, do not fairly come within its spirit and intent.  We do not think that a small conservatory located in the rear of a private residence, to be used to raise plants and flowers solely for the personal pleasure of the resident, comes within the meaning of a greenhouse as that term is employed in section 7 (b) of the zoning ordinance.  *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 583.  *Lincoln* v. *Murphy,* 314 Mass. 16, 18. *Church of the Holy Trinity* v. *United States,* 143 U. S. 457.

*United States* v. *American Trucking Associations, Inc.* 310 U. S. 534. *United States* v. *Cooper Corp.* 312 U. S. 600.

The agreed facts together with the pertinent ordinances show that the contemplated structure comes within section 5 (g) of the zoning ordinance, that the petitioner was, as matter of law, entitled to a building permit and that the building commissioner had no discretionary power to withhold it. *Burke* v. *Holyoke Board of Health,* 219 Mass. 219. *Inspector of Buildings of Watertown* v. *Nelson,* 257 Mass. 346. *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224. *Elmer* v. *Commissioner of Insurance,* 304 Mass. 194. *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189. *Pittsfield* v. *Oleksak,* 313 Mass. 553.

*Writ to issue.*