**Paul QUINN, et al., Plaintiffs, Appellants,**

**v.**

**Peter BRYSON, et al., Defendants, Appellees.**

**No. 84–1103.**

United States Court of Appeals, First Circuit.

Argued May 11, 1984.

Decided July 17, 1984.

John S. Legasey, Danvers, Mass., with whom Ardiff, Ardiff & Morse, Danvers, Mass., was on brief, for plaintiffs, appellants.

Paul L. Kenny, Medford, Mass., with whom James A. Dyrek, Medford, Mass., was on brief, for defendants, appellees.

Before COFFIN and BOWNES, Circuit Judges, and PETTINE,* Senior District Judge.

PETTINE, Senior District Judge.

This case presents us with the latest attempt by a developer to recover damages under 42 U.S.C. § 1983 for delays in obtaining land use permits caused by disputes with local officials. The district court dismissed this suit on the strength of this court's recent decision in *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983). We affirm.

The plaintiffs in this action are a group of developers who wished to construct a three-story office building on their land in Danvers, Massachusetts. They formally applied for a building permit on May 22, 1981, with the defendant, Peter Bryson. Bryson is the building inspector for the Town of Danvers, which is also a defendant in this suit. As Danvers' building inspector, Bryson has the responsibility to enforce the Massachusetts State Building Code in the town. *See* 780 Code Mass.Reg. § 113. On June 1, 1981, Bryson denied the permit in a letter to the plaintiffs, stating that he did not feel that their proposed design complied with the following emer-

---

* Of the District of Rhode Island, sitting by desig-    nation.

gency egress provision of the building code:

REMOTE LOCATION: Whenever more than one (1) exitway is required from any room, space or floor of a building, they shall be placed as remote from each other as practicable, and shall be arranged to provide direct access in separate directions from any point in the area served.

*Id.* § 607.3.

An appeal was filed with the Massachusetts Building Code Commission on June 11, 1981. Unfortunately, the state legislature abolished the Commission on July 1, before it heard this appeal. Bryson stuck by his interpretation of § 607.3 throughout the summer, despite the plaintiffs' repeated pleas for him to change it.

Approximately three months later, the Governor signed an Executive Order which transferred the appellate duties of the former Building Code Commission to the Department of Public Safety. The plaintiffs' appeal was heard on October 15, 1981, and their application for a building permit was unanimously approved. Bryson requested that the Department rehear the case, which it did one week later. The Department reaffirmed its earlier ruling. The abolition of the Building Code Commission by the legislature therefore removed the appellate mechanism for approximately three months; the plaintiffs characterize the entire delay caused by Bryson's allegedly unconstitutional denial of their building permit as "extraordinary."

The plaintiffs' complaint alleges that "Bryson knowingly, wilfully and purposefully discriminated against" them and that "Bryson acted maliciously, arbitrarily and capriciously, with the purpose of harassing [them] and preventing, hindering and delaying the construction of the proposed structure ...." Other than the facially nondiscriminatory facts concerning Bryson's denial of their permit, no facts are alleged to show any sort of discriminatory animus on Bryson's part. In addition, the complaint does not allege that any specific constitutional guarantee was violated—just that Bryson deprived them of constitutional rights. The plaintiffs' brief, however, claims that their equal protection and procedural due process rights were violated.

The district court dismissed this action on the basis of this court's decision in *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983). In *Chiplin,* this court rejected similar due process and equal protection claims that a five year delay in obtaining a building permit stated a cause of action under § 1983, even though the plaintiff alleged the delay was due to the "'defendants den[ying] the plaintiff due process by maliciously denying it a building permit for invalid and illegal reasons and in bad faith.'" 712 F.2d at 1526. As this court held, "[a] mere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct the error." *Id.* at 1528. *See Roy v. City of Augusta,* 712 F.2d 1517 (1st Cir. 1983); *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.1981), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

The plaintiffs here seek to distinguish *Chiplin* by alleging that for the three months from the beginning of July to the beginning of October there was no mechanism through which they could appeal Bryson's determination. This attempt fails, however, because there was a method through which plaintiffs could have sought review of Bryson's determination in the state courts. That method was an action in the nature of a writ of certiorari.

Although Rule 81(b) of the Massachusetts Rules of Civil Procedure abolished the writ of certiorari, it did not abolish relief of the sort formerly obtainable under the writ. Mass.Gen.Laws ch. 249, § 4, which was amended in 1973 to conform to Rule 81(b), provides: "A civil action in the nature of certiorare to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the

supreme judicial or superior court." *See Boston Edison Co. v. Boston Redevelopment Authority*, 374 Mass. 37, 47–49, 371 N.E.2d 728 (1977) (discussing the 1973 amendment to Mass.Gen.Laws ch. 249, § 4).

Before Rule 81(b) eliminated the formal writ, "the requisite elements for availability of certiorari [in Massachusetts were] (1) judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; (3) a substantial injury or injustice arising from the proceeding under review." *Boston Edison Co. v. Board of Selectmen of Concord*, 355 Mass. 79, 83, 242 N.E.2d 868 (1968). The abolition of the formal writ does not appear to have changed this set of criteria, *see Murray v. Justices of the Second District Court*, 389 Mass. 508, 451 N.E.2d 408 (1983); *Debnam v. Town of Belmont*, 388 Mass. 632, 447 N.E.2d 1237 (1983), and we believe that these requirements were met in this case. Bryson was acting in a quasi-judicial capacity. He was required by the section of the Building Code which is at issue to exercise some discretion and judgment—his role was not purely ministerial.[1] Second, as discussed above, there were no other "reasonably adequate remedies." [2] Finally, the plaintiffs sustained a substantial injury from the denial of the permit. The plaintiffs had a right to the building permit if their plans conformed to the building code. *See Kenney v. Building Commissioner of Melrose*, 315 Mass. 291, 296, 52 N.E.2d 683 (1943). This substantial injury or injustice require-

ment has given rise to comments that the writ, in Massachusetts, " 'does not issue as [a] matter of right but rests in sound judicial discretion.' " *Chick's Construction Co. v. Wachusett Regional High School District School Committee*, 343 Mass. 38, 41, 175 N.E.2d 502 (1961) (quoting *Whitney v. Judge of the District Court of North Berkshire*, 271 Mass. 448, 459, 171 N.E. 648 (1930)). An examination of Massachusetts cases shows that this discretion consists only of not issuing the writ "on account of formal or technical errors or those which have not adversely affected the real interests of the general public," *Whitney, supra*, at 459, 171 N.E. 648, rather than of the discretion in granting the more familiar writ of certiorari in the practice of the United States Supreme Court.

The plaintiffs also seek to distinguish *Chiplin* by contending that since they did not have a formal hearing before Bryson on their building permit application, they were denied procedural due process. In *Creative Enterprises* and *Chiplin*, the plaintiffs were given formal hearings and this court considered those hearings in determining that those parties could not recover on a due process claim under § 1983. The Massachusetts State Building Code, however, does not provide for formal hearings before town building inspectors on applications for permits. *See* 780 Code Mass.Reg. §§ 113, 114.

Procedural due process is a flexible concept. *Mathews v. Eldridge*, 424 U.S. 319,

---

**1.** If Bryson's role were purely ministerial, the plaintiffs would have possessed the remedy of an action in the nature of mandamus. Mass.Gen.Laws ch. 249, § 5. *See Scudder v. Selectmen of Sandwich*, 309 Mass. 373, 375, 34 N.E.2d 708 (1941). We note, however, that there have been cases in which Massachusetts courts have given mandamus relief although the controversy would appear to be one involving an error of law—a situation in which certiorari is generally the correct remedy. *See, e.g., Kenney v. Building Commissioner of Melrose*, 315 Mass. 291, 52 N.E.2d 683 (1943).

**2.** During the period in which there was no formal state appellate mechanism, there was still the possibility of the Massachusetts Commissioner of Public Safety, *on his own initiative,* reviewing Bryson's action. *See* Mass.Gen.Laws

ch. 22, § 4A. The record reveals that the plaintiffs attempted to get the Commissioner of Public Safety to exercise his discretion and review their case. The Commissioner, however, declined to initiate any action because he had "been informed that the Supervisor of Plans for the Department of Public Safety has reviewed the drawings as submitted to [the Commissioner of Public Safety] and he concurs with Inspector Peter A. Bryson." Letter from Frank J. Trabucco, Commissioner of Public Safety, to Paul Quinn dated September 18, 1981.

Although this possibility for review existed, it would not have precluded certiorari because it could only be had on the Commissioner's own initiative. In any case, after the Commissioner's refusal to review Bryson's action, the plaintiffs had no remedy other than certiorari.

334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). In *Cloutier v. Town of Epping*, 714 F.2d 1184 (1st Cir.1983), this court found that informal meetings with town officials coupled with judicial review in the state courts satisfied the Constitution's procedural due process requirements in the context of the revocation of a sewer permit. *Id.* at 1191–92. Similarly, we believe that the procedures afforded the plaintiffs in this case were adequate. They were given a prompt written notice which stated the reasons for the denial of their application. Their complaint states that Bryson met with former members of the state Building Code Commission to discuss whether the plaintiffs' plans conformed to the Code, and that plaintiffs also submitted additional material to Bryson on whether their proposed structure conformed to the Code.[3] The state courts were available to redress errors even during the period that appellate administrative review was unavailable. We do not think that these plaintiffs were denied procedural due process. The dismissal of their complaint was therefore proper.

*Affirmed.*

---

**3.** Although we cannot formally consider it on this motion to dismiss, we do note that Bryson submitted an affidavit to the district court which states that he and the plaintiffs also had several meetings discussing their disagreements before a formal application for a permit was ever made.