**John CARTER and Ray
Alger, Plaintiffs,**

v.

**ROLLINS CABLEVISION OF MASSA-
CHUSETTS, INC., Rollins, Inc., Rich-
ard G. Asoian, Charles H. Foster, Jr.,
Benjamin Farnum, Linda Farnum,
Frank Serio, Jr., Richard J. Trepanier,
Augustine W. Nickerson, Raymond A.
Vivenzio, Walter S. Soule, and the
Town of North Andover, Defendants.**

Civ. A. No. 84–3309–C.

United States District Court,
D. Massachusetts.

Oct. 1, 1985.

Barry B. Teicholz, Boston, Mass., for plaintiff.

Benjamin G. and Linda A. Farnum, pro se.

Warren F. Fitzgerald, Meehan, Boyle & Cohen, P.C., Boston, Mass., for defendants Rollins Cablevision of Mass., Rollins Inc., & R.G. Asoian.

Ronald F. Kehoe, Christopher E. Nolin, Linda E. Meyer, Warner and Stackpole, Boston, Mass., for defendants Foster, Serio, Trepanier, Nickerson, Vivenzio, Soule and the Town of North Andover.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by John Carter and Ray Agler, the owners of Mill's Hill in North Andover, Massachusetts. The defendants are Rollins Cablevision of Massachusetts, Inc., a Massachusetts corporation, Rollins, Inc., a Delaware corporation which owns all of the stock in Rollins Cablevision, Richard G. Asoian, an attorney licensed to practice law in the Commonwealth of Massachusetts, Benjamin and Linda Farnum, owners of Boston Hill in North Andover, Massachusetts, Charles H. Foster, Jr., Building Inspector for the Town of North Andover Building Department, Frank Serio, Jr., Richard J. Trepanier, Augustine W. Nickerson, Raymond A. Vivenzio and Walter S. Soule, members of the North Andover Board of Appeals (hereinafter the "Board of Appeals") and the Town of North Andover (hereinafter the "Town"). The complaint purports to state claims pursuant to 42 U.S.C. § 1983 [1] and state law, claiming jurisdiction under 28 U.S.C. § 1331. The plaintiffs request this court to exercise jurisdiction over all their claims, including those based exclusively on state law, because all claims in the complaint are based on the same set of operative facts.

The matter is now before the Court on a motion for summary judgment filed by the Town, Building Inspector Foster and the members of the Board of Appeals (herein-after the "Town defendants"). Fed.R. Civ.P. 56.

A court may not grant summary judgment unless the moving party has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering the Town defendants' motion for summary judgment, the Court has examined the record in detail, and has considered the facts in the light most favorable to the plaintiffs. *Raskiewicz v. Town of Boston*, 754 F.2d 38 (1st Cir.1985).

The crux of the § 1983 claim is that the Town defendants conspired with the other defendants in this action under color of state law to deny the plaintiffs' application for a special zoning permit to construct radio towers on their property, and to grant a similar zoning permit to the defendants, Benjamin and Linda Farnum. The plaintiffs assert that this conspiracy operated to deprive them of their Fourteenth Amendment rights of due process of law and equal protection of the law in direct violation of 42 U.S.C. § 1983. The Town defendants move for summary judgment on two grounds: 1) that the plaintiffs have failed to allege sufficient facts concerning the existence of an actionable conspiracy among the defendants; and 2) that even if sufficient facts were alleged, the plaintiffs' claim that they were denied a zoning permit amounts to no more than an allegation that the Town defendants improperly applied state law, and does not state a claim under 42 U.S.C. § 1983.

The plaintiffs' complaint makes the following allegations: two hills located in the Town of North Andover are suitable for use as head-end sites for the reception of cable television signals. The plaintiffs, John Carter and Ray Alger, own one hill, commonly referred to as Mill's Hill, and defendants Benjamin and Linda Farnum

---

**1.** 42 U.S.C. § 1983 states in pertinent part: "[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

own the other, known as Boston Hill. The Town granted a special permit to the owners of Boston Hill in 1957 for the construction of radio towers for use by MIT. In 1958 the Town granted the owners of Mills Hill a variance for the construction of radio towers, also for the use of MIT. MIT had terminated its use of both properties by the time the events pertinent to this action transpired. In July, 1981 the defendant Rollins Cablevision of Massachusetts received initial approval to operate a cable television service in North Andover. A condition for obtaining final licensing was the acquisition of appropriate head-end sites. Thereafter, Rollins Cablevision began negotiating with both the plaintiffs, owners of Mill's Hill, and the Farnums, owners of Boston Hill, concerning the lease of their hills as head-end sites.

During negotiations with the plaintiffs in April, 1982 Rollins Cablevision's attorney, Richard G. Asoian, assured the plaintiffs that he would take care of maintaining and obtaining any permit or zoning requirements. On July 23, 1982 the Town's Board of Appeals approved by a vote of 4-0, with Board member Nickerson abstaining, an application by the defendants, Benjamin and Linda Farnum, for a special permit to allow Rollins Cablevision to use Boston Hill as a head-end site for its cable television transmissions. Just a few days later, on July 29, 1982, Rollins Cablevision reopened negotiations, which had been discontinued in June, with the plaintiffs, John Carter and Ray Alger. Attorney Asoian represented Rollins Cablevision throughout the negotiations. Sometime prior to September 1, 1982, a lease of the plaintiffs' Mill's Hill site was drafted by attorneys for Rollins Cablevision. A "Letter Agreement" incorporating the lease was executed by the plaintiffs and Mr. Thomas Byrd, Vice President of Rollins Cablevision, on September 21, 1982. Subsequent to the date of the Letter Agreement, through and including March of 1983, Rollins Cablevision paid rent to the plaintiffs in accordance with the terms of the lease and began preliminary construction.

After the Letter Agreement was executed, on October 27, 1982, the Farnums wrote to the defendant Foster, in his capacity as Building Inspector for the Town, objecting to Rollins Cablevision's use of the Mill's Hill site and requesting that the Board of Appeals hold a hearing to determine whether or not that use was permitted under the 1958 variance.

On December 3, 1982, in response to the Farnums' letter, Foster sent Attorney Asoian a letter stating that the proposed commercial use of the plaintiffs' tower would be a non-conforming use, in violation of zoning by-laws. In his affidavit Foster avers that he made this determination based upon his interpretation of the requirements imposed by state and town zoning laws. Despite the fact that title to the property was held by the plaintiffs, Foster did not send a copy of this letter to the plaintiffs until their counsel requested that he do so on December 16, 1982. Foster's affidavit states that he sent the letter to Attorney Asoian because Asoian had personally told Foster that he (Asoian) was representing the plaintiffs with respect to Rollins Cablevision's use of that property. At all pertinent times, Attorney Asoian represented to the plaintiffs that he was acting in their interest, concurrently with that of Rollins Cablevision.

Upon receipt of Foster's letter, Attorney Asoian, acting on behalf of the plaintiffs and Rollins Cablevision, filed two applications with the Board of Appeals. First, the plaintiffs sought a review of Foster's ruling that Rollins' proposed use of Mill's Hill was a violation. Second, in the event that this petition was denied, plaintiffs requested a special permit allowing Rollins to use their property. Both applications were denied. On their first petition, the plaintiffs lost by a 4 to 1 vote. Mr. Soule cast the only vote in their favor. Plaintiff Carter's affidavit avers that immediately before the vote on the plaintiffs' petition for a special permit was cast, Mr. Foulds replaced Mr. Soule for the vote. The plaintiffs' petition was denied by a vote of 3-2. Mr. Serio and Mr. Trepanier voted in favor of the permit. Mr. Foulds cast one of the three votes

against the permit. In an affidavit Carter further avers that Mr. Farnum is employed at AT & T Technology, along with Board of Appeals members, Mr. Serio, Mr. Foulds and Mr. Nickerson. The plaintiffs' complaint states that the Mill's Hill and Boston Hill sites are identical from the standpoint of town zoning law, state law and the impact that use of the sites for cablevision reception would have on surrounding property.

Subsequent to the Board of Appeals' denial of the plaintiffs' petitions, Rollins Cablevision, represented by Asoian, began negotiations to lease the Boston Hill site from the Farnums. The plaintiffs' complaint alleges that "[u]pon information and belief, the Defendant, Foster, was aware of the arrangement [with Rollins Cablevision] ... and cooperated with Defendants, Farnum and Rollins ... in perpetrating the plan by his letter of December 3, 1982, and by his recommendation to the Board of Appeals." On February 18, 1983, Rollins Cablevision terminated its lease for the Mill's Hill site. On March 3, 1983, Thomas Byrd, Vice President of Rollins Cablevision, executed a Notice of Lease evidencing a lease by Rollins Cablevision of the Farnums' Boston Hill site.

█ The plaintiffs' only federal claim in this action is that the Town defendants conspired with the other defendants under color of state law to deprive them of their Fourteenth Amendment rights to due process of law and equal protection of the law, in violation of 42 U.S.C. § 1983. After careful consideration of the plaintiffs' complaint, the affidavits filed in this case, and applicable law, I rule that the plaintiffs have failed to state a case that their civil rights were abridged, in violation of 42 U.S.C. § 1983. Furthermore, I rule that the Town defendants are entitled to attorneys' fees and costs because the plaintiffs' federal claims in this case are frivolous.

In states where the state law offers a panoply of administrative and judicial remedies, the Court of Appeals for the First Circuit has ruled in a number of recent decisions that litigants may not obtain fed-eral court review of local zoning and planning disputes by means of 42 U.S.C. § 1983. *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.1982); *Cloutier v. Town of Epping,* 714 F.2d 1184 (1st Cir.1983); *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir. 1983); *Quinn v. Bryson,* 739 F.2d 8 (1st Cir.1984); *Alton Land Trust v. Town of Alton,* 745 F.2d 730 (1st Cir.1984); *Raskiewicz v. Town of New Boston,* 754 F.2d 38 (1st Cir.1985). The court in *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.1982) ruled that conventional land use disputes between landowners or developers and local planning authorities are matters of concern to the state and do not implicate the constitution. The court explained further:

> A federal court ... 'should not ... sit as a zoning board of appeals.' *Village of Belle Terre v. Boraas,* 416 U.S. 1, 12, 94 S.Ct. 1536, 1542, 39 L.Ed.2d 145 (1974) (Marshall, J., dissenting). Every appeal by a disappointed developer from an adverse ruling by a local Massachusetts planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial question under section 1983.

*Creative Environments, Inc.,* 680 F.2d at 833.

*Chiplin Enterprises v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983) involved a claim by a developer that the City of Lebanon, its building inspector and members of its planning board deprived him of his civil and constitutional rights by denying him a building permit. The court dismissed the complaint for failure to assert a federal question. In reaching this result, the court explained that a town's engaging in even arbitrary or adversarial tactics in land use disputes does not create issues of constitutional dimensions. The court explained

that the only land use dispute situation in which a valid constitutional claim could arise is where fundamental constitutional rights are abridged. *Chiplin Enterprises,* 712 F.2d at 1527–28. For example, the court in *Packish v. McMurtrie,* 697 F.2d 23 (1st Cir.1983), said that a firefighter who alleged that he had been denied reimbursement for medical expenses in retaliation for his published criticism of town officials might have a valid federal claim. Similarly, the court in *Manego v. Cape Cod Five Cents Savings Bank,* 692 F.2d 174 (1st Cir.1982) said that the plaintiff, a black man, who alleged that he was denied an entertainment license because of his race, had at least stated a valid claim.

The complaint in this case does not allege that any of the plaintiffs' fundamental constitutional rights were abridged. The essence of the complaint and the evidence in the record, when viewed in the light most favorable to the plaintiffs, is that the Board of Appeals, in the exercise of its discretion, simply saw fit in 1982 to approve Benjamin and Linda Farnum's application for a special permit, but to deny the plaintiffs' application for a special permit approximately six months later. The Court of Appeals for the First Circuit in a recent decision, has said that "the members of local boards have considerable leeway for the free exercise of their personal views before any possible due process claim might exist...." *Raskiewicz v. Town of New Boston,* 754 F.2d 38, 44 n. 5 (1st Cir.1985).

The plaintiffs rely principally upon *Burt v. City of New York,* 156 F.2d 791 (2d Cir.1946) and *Cordeco Development Corp. v. Santiago Vasquez,* 539 F.2d 256 (1st Cir.1976) in arguing that their complaint states a valid cause of action under 42 U.S.C. § 1983. In *Burt,* the Court of Appeals for the Second Circuit held that an architect, who allegedly was a victim of intentional and purposeful discrimination by officials of the City of New York, had a valid cause of action under the predecessor statute to § 1983. In *Cordeco Development Corp.,* the Court of Appeals for the First Circuit upheld the district court's

finding that public officials had "acted maliciously and wantonly, and with illegitimate 'political' or, at least, personal motives, in holding up and seeking to defeat the granting of a [sand extracting] license" to the plaintiffs. *Cordeco Development Corp.,* 539 F.2d at 260. The defendant in *Cordeco Development Corp.* did not challenge the applicability of § 1983 and the Fourteenth Amendment in that case. Therefore, the court did not rule that the complaint stated a valid federal claim. Moreover, in a footnote, Chief Judge Campbell expressed doubt whether a complaint involving "bribery and conflict of interest" and other such claims of purposeful, malicious discrimination by public officials against individuals were properly equated with valid equal protection claims. *Cordeco Development Corp.,* 539 F.2d at 260 n. 5.

It is not necessary for this court to decide whether the court in *Cordeco Development Corp.,* if the issue was raised, would have held that the allegations in that case raised a valid equal protection claim because, as discussed above, the Court of Appeals for the First Circuit, in a number of cases decided since *Cordeco Development Corp.,* has made it clear that disappointed parties involved in land use disputes alleging violations of their rights of due process and equal protection may not invoke federal jurisdiction pursuant to 42 U.S.C. § 1983. *Raskiewicz v. Town of New Boston,* 754 F.2d 38 (1st Cir.1985), the most recent of this line of cases, involved facts and allegations very similar to those in the instant case. The plaintiff in *Raskiewicz* was denied a gravel removal permit from the Board of Selectmen of the Town of New Boston. The complaint alleged that the Board of Selectmen conspired with others to deny the permit because of personal bias and malice born of their desire to acquire for themselves or others the ownership of the plaintiff's land for the purpose of obtaining economic profit from the use of the land. The court acknowledged that "[c]harges of bias, bad faith and other 'opprobrious epithets of malice' ... are com-

monplace in cases of this nature," *Raskiewicz*, 754 F.2d at 44, but said that such charges do not make inoperable the general rule prohibiting ordinary land disputes from being litigated under § 1983. The court in *Raskiewicz* left open the possibility that claims of "actual corruption", if serious enough and well supported, could make out a due process claim under § 1983. However, as in *Raskiewicz*, the record in the instant case falls far short of creating a genuine issue of material fact with respect to such a claim. There is no allegation or evidence in the record of corruption of the town officials involved in this case.

Even if this Court properly could exercise jurisdiction over land use disputes such as this one, this action should be dismissed because the plaintiffs clearly have failed to support their claim of conspiracy under § 1983 with adequate references to material facts. *Slotnick v. Staviskey*, 560 F.2d 31 (1st Cir.1977) was a case in which the plaintiff alleged that certain state officials had conspired to deprive him of his civil rights. The Court of Appeals upheld the dismissal of the complaint, saying that "complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *See also, Francis-Sobel v. University of Maine*, 597 F.2d 15 (1st Cir.1979). The plaintiffs' complaint in this case fails to meet that standard. The only facts alleged in the complaint to support a claim of conspiracy are: 1) that defendant Foster sent the December 3, 1982 letter, regarding his opinion that constructing a tower on plaintiffs' property would create a nonconforming use, to Asoian rather than the plaintiffs, and 2) that the Board of Appeals denied the plaintiffs a special permit, but granted a special permit to the defendants, Benjamin and Linda Farnum. These alleged facts are not sufficient to survive a motion to dismiss. Moreover, assuming that the plaintiffs' complaint alleged sufficient facts to survive a motion to dismiss, the plaintiffs clearly have not offered sufficient proof of such facts to avoid summary judgment against them. The plaintiffs have offered nothing to rebut Mr. Foster's affidavit that he was simply doing the duty conferred on him by law when at the Farnums' request he investigated the proposed use of the Mills Hill site, and then issued his opinion that the proposed use was a violation. The plaintiffs have similarly failed to offer proof that the members of the Board of Appeals conspired to deny them a special permit. The fact that Mr. Foulds replaced Mr. Soule for the vote on the special permit and the fact that Mr. Farnum and Board members, Mr. Serio, Mr. Foulds and Mr. Nickerson have the same employer, without more, is inadequate proof to avoid summary judgment. *See Manego v. Cape Cod Five Cents Savings Bank*, 692 F.2d 174 (1st Cir.1982).

■ 42 U.S.C. § 1988 specifically provides for the award of costs and attorneys fees to prevailing parties in civil rights actions. This rule applies to prevailing defendants, as well as plaintiffs, where the court ruled that the action was frivolous, unreasonable, groundless or vexatiously brought. *Olitsky v. O'Malley*, 597 F.2d 303, 305 (1st Cir.1979).

■ The plaintiffs' complaint under § 1983 was brought herein in the face of a recent line of decisions of the Court of Appeals for the First Circuit rejecting civil rights claims in land use cases. For that reason, I rule that the plaintiffs' § 1983 claim in this case was frivolous. Accordingly, the Town defendants' attorneys fees and costs are to be paid by the plaintiffs.

Because no federal claim remains before the Court, I rule that the plaintiffs' pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Order accordingly.

## ORDER

In accordance with the memorandum filed this date, it is ORDERED:

1. Town defendants' (Town of North Andover, Charles H. Foster, Jr., Frank Serio, Jr., Richard J. Trepanier, Augustine W. Nickerson, Raymond A. Vivenzio and Walter S. Soule) motion to dismiss Count IV of the complaint is granted.

2. Counts I, II and III are dismissed as a matter of discretion.

3. Plaintiffs are ordered to pay the attorneys' fees and costs of the Town defendants in this action.