John CARTER and Ray
Agler, Plaintiffs,

v.

ROLLINS CABLEVISION OF
MASSACHUSETTS, INC., et
al., Defendants.

Civ. A. No. 84–3309–C.

United States District Court,
D. Massachusetts.

May 19, 1986.

Barry B. Teicholz, Boston, Mass., for plaintiffs.

Benjamin G. and Linda A. Farnum pro se. North Andover, Mass.

Warren F. Fitzgerald, Meehan, Boyle & Cohen, P.C., Boston, Mass., for defendants Rollins Cablevision of Mass., Rollins Inc.; & R.G. Asoian.

Ronald F. Kehoe, Christopher E. Nolin, Linda E. Meyer, Warner & Stackpole, Boston, Mass., for defendants Foster, Serio, Trepanier, Nickerson, Vivenzio, Soule and Town of North Andover.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought under 42 U.S.C. § 1983 alleging violations of the plaintiffs' civil rights by the Town of North Andover and various other defendants. On October 1, 1985 this Court granted the Town defendants' motion for summary judgment and, in addition, ordered the plaintiffs to pay the Town defendants' attorneys' fees and costs, pursuant to 42 U.S.C. § 1988. *Carter v. Rollins Cablevision of Mass., Inc.*, 618 F.Supp. 425 (D.C. Mass.1985). The matter is now before the Court on the plaintiffs' motion to alter or amend that part of the Court's judgment awarding the Town defendants attorneys' fees and costs and the Town defendants' motion to determine the amount of attorneys' fees and costs which are to be paid. No motion or appeal challenged the dismissal on the merits.

■ Congress has specifically provided for awards of attorneys' fees to prevailing parties in cases brought under the federal civil rights laws.

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, Title IX of Public Law 92–318, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. Defendants are entitled to attorneys' fees under Section 1988 only when "a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14–15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam), *quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *See also Cloutier v. Town of Epping*, 714 F.2d 1184, 1193 (1st Cir.1983).

In its October 1, 1985 decision, the Court said that because the plaintiffs' complaint was brought in the face of a recent line of decisions of the Court of Appeals for the First Circuit rejecting civil rights claims in land use cases, the plaintiffs' Section 1983 claim in this case was "frivolous." *Carter*, 618 F.Supp. at 430. The cases to which the Court was referring, and which are listed at page 428 of its decision, include *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.1982); *Cloutier v. Town of Epping*, 714 F.2d 1184 (1st Cir.1983); *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524 (1st Cir.1983); *Quinn v. Bryson*, 739 F.2d 8 (1st Cir.1984); *Land Trust v. Town of Alton*, 745 F.2d 730 (1st Cir.1984); *Raskiewicz v. Town of New Boston*, 754 F.2d 38 (1st Cir.1985). After hearing and careful consideration of the arguments briefed by the plaintiffs, I again rule that the plaintiffs' bringing this Section 1983 claim in the teeth of all these recent decisions of the Court of Appeals for this Circuit was frivolous and groundless and, accordingly, the plaintiffs' motion to alter or amend the judgment should be denied.

In *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.1982), the Court of Appeals for the First Circuit affirmed the entry of summary judgment against a real estate developer which had brought suit against officers of the Town

of Bolton alleging that the officers' rejection of the developer's subdivision plan constituted a civil rights act violation. The Court of Appeals assumed in that case "that [the developer and its president] could have established at trial that the town engaged in adversarial and even arbitrary tactics with respect to the [developer's] plan." *Id.* at 829. Nevertheless, the Court of Appeals held that such cases are matters primarily of concern to the states and do not implicate the United States Constitution. *Id.* at 833. The court further stated that "[i]t is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983." *Id.* In a number of cases decided since *Creative Environments,* the Court of Appeals for the First Circuit has repeatedly emphasized that private individuals frustrated by the actions of local or state officials regarding land use may not seek review of those actions in federal court under section 1983. *See, e.g., Cloutier v. Town of Epping,* 714 F.2d 1184 (1st Cir.1983); *Raskiewicz v. Town of New Boston,* 754 F.2d 38 (1st Cir.1985).

■ The only exception to the rule that litigants may not obtain federal court review of local land use disputes by means of Section 1983 is where a litigant can show that its "recognized fundamental constitutional rights [have been] abridged." *Chiplin Enterprises v. City of Lebanon,* 712 F.2d 1524, 1528 (1st Cir.1983), *quoting Creative Environments,* 680 F.2d at 832 n.9.[1] For example, in *Packish v. McMurtrie,* 697 F.2d 23 (1st Cir.1983), the Court of Appeals said that a firefighter who alleged that he had been denied reimbursement for medical expenses in retaliation for his published criticism of town officials might have a valid federal claim. Similarly, in *Manego v. Cape Cod Five Cents Savings Bank,* 692 F.2d 174 (1st Cir.1982), the Court of Appeals said that the plaintiff, a black man, who alleged that he had been denied an entertainment license because of his race, had at least stated a valid claim.

■ The plaintiffs' section 1983 claim in this case, like the section 1983 claims in most of the cases previously discussed, *e.g., Cloutier,* 714 F.2d at 1189, was based upon alleged violations of the due process and equal protection clauses of the Fourteenth Amendment. The plaintiffs in this case did not and, it is clear from the record, could not allege the violation of a recognized fundamental constitutional right. Furthermore, although it is unclear whether the plaintiffs were implicitly alleging actual corruption on the part of the Town defendants, the facts in the record do not come close to supporting such a claim. The plaintiffs' case depends upon notably few alleged facts, none of which in any way signal a violation of their fundamental constitutional rights or the "corruption" of the Town defendants. The only alleged fact which it reasonably could be argued even slightly suggests prejudice against the plaintiffs on the part of any of the Town defendants is that Mr. Foulds replaced Mr. Soule for the Board of Appeals' vote on the plaintiffs' application for a special permit shortly after Mr. Soule had voted in favor of overturning Building Inspector Foster's determination that the proposed commercial use of the plaintiffs' town would be a violation of zoning by-laws. There is no evidence in the record that such a substitution was unusual; however, even if it was unusual or irregular, that would not in any way tend to prove the violation of a fundamental constitutional right or the actual corruption of the Town defendants. In *Creative Environments,* the Court of Appeals recognized that "[e]very appeal by a disappointed developer from an adverse ruling by a local Massachusetts planning board necessarily involves some claim that

---

1. In *Raskiewicz,* the Court of Appeals for the First Circuit left open the possibility that claims of "actual corruption," if serious enough and well supported, could make out a due process claim under § 1983. *Raskiewicz,* 754 F.2d at 44–45. With that in mind, the Court notes that, as in *Raskiewicz,* the record in this case "falls far short of creating a genuine issue of material fact with respect to such a claim." *Id.*

the board exceeded, abused or 'distorted' its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason" and that "opprobrious epithets of malice" are commonplace in cases of this nature. *Creative Environments*, 680 F.2d at 833, 830. For these reasons, I again rule that the plaintiffs' Section 1983 claims in this case were frivolous and groundless.

■ The Court has reviewed the computer print-out sheets submitted by the Town defendants detailing the hourly charges and costs incurred by their counsel in defending this case, the three affidavits submitted by Ronald F. Kehoe in support of the Town defendants' motion to determine attorneys' fees and costs, and the affidavit of Barry B. Teicholz in opposition to the Town defendants' motion. Based upon my review of these items and the fact that the average rate for the legal work done for the Town defendants was approximately $100.00, I rule that the amount sought by the Town defendants in attorneys' fees and costs to defend this action, $35,514.40, was reasonable and, accordingly, should be paid by the plaintiffs to the Town defendants.

Order accordingly.