722 So.2d 232 (1998)
Michael C. BECKER, Appellant,
v.
Lisa CLARK, Appellee.
No. 97-02897
District Court of Appeal of Florida, Second District.
November 25, 1998.
*233 Robert A. Butterworth, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellant.
James A. Sheehan, St. Petersburg, for Appellee.
PER CURIAM.
Michael C. Becker challenges the trial court's nonfinal order denying his motion to dismiss based on qualified immunity. We agree that the appellant is entitled to qualified immunity and accordingly reverse.
Lisa Clark filed a three count complaint against the Department of Health and Rehabilitative Services (HRS) and Becker, a district administrator of HRS, alleging that her name was wrongfully retained on a registry of medical abuse/neglect incidents. Count I was an action for damages brought against Becker pursuant to 42 U.S.C. § 1983 alleging a violation of Clark's civil rights. Counts II and III were defamation counts against HRS and Becker, respectively.
HRS and Becker filed a motion to dismiss the complaint based on the defense of qualified immunity. The motion to dismiss was denied by the trial court. Becker filed a notice of appeal challenging the motion to dismiss. Pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(viii), we have jurisdiction to review the order denying the motion to dismiss as it pertains to Count I because the trial court rejected Becker's defense of qualified immunity as a matter of law.
Qualified immunity shields a government actor from personal liability when his conduct does not violate clearly established rights. See Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). A two-part test is used to determine whether qualified immunity applies. First, the defendant must show that he performed the acts as part of a discretionary government function. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The burden then shifts to the plaintiff to prove that the defendant's conduct violated clearly established statutory or constitutional rights. Harlow, 457 U.S. at 818, 102 S.Ct. 2727.
Clark alleges that while Becker was working as a district administrator for HRS, he caused a permanent abuse/neglect report to remain against Clark. There is no question that removal of an individual's name from an abuse/neglect list is part of a discretionary government function of a HRS district administrator. Therefore, the issue remains as to whether Clark has proven that Becker's conduct violated clearly established law.
On a motion to dismiss based on a qualified immunity defense, a trial court must examine the complaint to determine whether the allegations themselves reveal the existence of the qualified immunity defense; that is, whether, under the most favorable version of facts alleged, the defendant's action violated clearly established law. See Jones v. Kirkland, 696 So.2d 1249, 1252 (Fla. 4th DCA 1997). Courts have cautioned *234 that the issue of qualified immunity should be resolved at an early stage of the proceedings in the trial court and often before any discovery has taken place regarding the merits of the complaint. See Junior v. Reed, 693 So.2d 586 (Fla. 1st DCA 1997).
Clark has not asserted in her complaint any action on the part of Becker that violated clearly established law. Her complaint consists solely of allegations that Becker had information that would have exonerated Clark with respect to the abuse/neglect charges but failed to remove Clark's name from the registry list. Even if these facts are taken as true, Clark failed to allege any authority that required Becker to remove her name from the registry. Without more, Clark has failed to demonstrate any violation of clearly established law committed by Becker which would have violated Clark's federally protected interests under 42 U.S.C. § 1983. It was therefore in error for the trial court to deny Becker's qualified immunity defense as a matter of law.
Accordingly, we reverse and remand with directions for the trial court to dismiss count I of Clark's complaint based on the qualified immunity defense asserted by Becker.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK and GREEN, JJ., Concur.