STONE, J.
Melgren, a building official, and Polia-koff, a deputy attorney of the Town of Southwest Ranches, appeal the denial of their motion to dismiss Kalam’s civil rights claim filed under 42 U.S.C. § 1983. The motion to dismiss is based on the town officials’ assertion of qualified immunity. We reverse.
Kalam filed a multi-count complaint against Melgren, Poliakoff and Town because the defendants refused to allow Ka-lam to build a home on his property (lot 7). Kalam seeks damages against the town officials, alleging that they intentionally denied him the use of his property without just compensation in violation of the United States Constitution and 42 U.S.C. § 1983. Attacking the officials’ motives, Kalam charges that their decision was calculated “to insure [sic] [the property’s] availability at a depressed value when ever [sic] the Town decides to embark upon its construction of a permanent fire station.”
The local land use plan provides, in relevant part, “that if contiguous nonconforming parcels ... come under common ownership, and together these parcels net at least two (2) acres, the new unified parcel cannot be re-subdivided if the subdivision would make the parcels smaller than two (2) net acres.” At one point, lot 7 was unified with lot 6, netting 3.80 acres. Subsequently, the unified parcel was re-subdivided, resulting in lot 7 that netted less than two acres, in violation of the plan. The owner of lot 7 then purchased ten feet from lot 6, netting 2.01 acres to lot 7, but leaving lot 6 with less than two acres, still in violation of the plan.
Poliakoff previously advised a different potential lot 7 purchaser and the previous owner of lot 7 that a permit to build a home on lot 7 would violate the land use plan. Eventually, Kalam acquired the property and applied for a building permit. However, Melgren returned his application, along with a copy of a letter from Poliakoff, stating that Kalam “purchased a lot that cannot be developed since [the transfer of the 10 feet] has left the neighboring property [lot 6] in violation of the Town’s Comprehensive Land Use Plan.”
Accepting Kalam’s factual allegations as true, a qualified immunity defense may be resolved on a motion to dismiss where, as here, the facts supporting the defense are clear from the complaint. Junior v. Reed, 693 So.2d 586, 592 (Fla. 1st DCA 1997); see also GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir.1998) (reversing denial of defendants’ motions to dismiss on grounds of qualified immunity after reviewing whether the complaint alleged that defendants’ actions violated a clearly established right).
We have recognized that in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court *1123 “held that government officials performing discretionary functions are protected by qualified immunity from liability for civil damages in section 1983 actions unless a reasonable person would have known that the questionable conduct violated clearly established law.” Brescher v. Pirez, 696 So.2d 370, 373 (Fla. 4th DCA 1997); see generally Fernander v. Bonis, 947 So.2d 584, 588 (Fla. 4th DCA 2007) (“ ‘[Qualified immunity for government officials is the rule, liability and trials for liability the exception.’ ”) (quoting Alexander v. Univ. of N. Fla., 39 F.3d 290, 291 (11th Cir. 1994)) (alteration in original).
Outlining the two-part test for determining whether a qualified immunity defense exists, this court explained that initially, the defendant has the “burden to establish that he was acting within the scope of discretionary authority; the burden then shifts to the plaintiff to show that the [defendant’s] action violated the plaintiffs rights in light of clearly established law.” Brescher, 696 So.2d at 373; Junior, 693 So.2d at 590.
In Junior, the plaintiff attempted to refute that the official acted within his discretionary authority by emphasizing that the official violated local laws and the county attorney’s advice. Junior, 693 So.2d at 591. The First District, however, explained that “[wjhether a given action falls within the definition of a discretionary function ... depends more on the context in which it was taken than its correctness.” Id.
In the instant ease, the conduct described in Kalam’s complaint falls within Melgren’s and Poliakoffs discretionary authorities. Their decisions, even if wrong, were made in the performance of their duties. Kalam acknowledges that Polia-koff was acting within the course of his function as city attorney, “as abused as it may be.” However, he claims that Mel-gren acted outside her discretionary authority because she did not simply deny his application, but failed to formally process it. Nevertheless, as the Junior court explained, Melgren’s actions should not be deemed to fall outside the boundaries of her discretionary authority simply because her decision to proceed in that manner was wrong. Viewed in this context, the failure to further process Kalam’s application was taken within Melgren’s duties. Thus, on the face of the complaint, the individual defendants met their burden of establishing that they were acting within the scope of their authority.
Next, a clearly established right is one that “must have been earlier developed in case law in such a concrete and factually defined context as to make it obvious to all reasonable government actors that what the defendant was doing violates federal law.” Junior, 693 So.2d at 591 (finding qualified immunity where the “conduct d[id] not rise to the level of a constitutional violation, much less a clear violation of a settled constitutional right”).
More explicitly, courts have recognized that “conventional land use disputes between landowners or developers and local planning authorities ... do not implicate the constitution.” Carter v. Rollins Cablevision, 618 F.Supp. 425, 428 (D.Mass.1985) (“Every appeal by a disappointed developer ... necessarily involves some claim that the [local planning authority] exceeded, abused or ‘distorted’ its legal authority in some manner.... It is not enough simply to give these state law claims constitutional labels such as ‘due process’ or ‘equal protection’ in order to raise a substantial question under section 1983.”); see, e.g., id. at 428-29 (reasoning that a town’s denial of a building permit even if arbitrary or adversarial, “does not create issues of constitutional dimensions .... [T]he only land use dispute situ *1124 ation in which a valid constitutional claim could arise is where fundamental constitutional rights are abridged.” (citing Chiplin Enters. v. City of Lebanon, 712 F.2d 1524 (1st Cir.1983))).
Here, the officials’ refusal to allow Kalam to develop on lot 7 did not violate such a concrete right that all reasonable town officials would know that what Melgren and Poliakoff were doing violates federal law, Junior, 693 So.2d at 591, notwithstanding that their motivation, according to Kalam, might have been to benefit Town. This is particularly so because Florida law directs local government officials to ensure consistency with land use plans.
Accepting Kalam’s allegations as true, Kalam has failed to offer persuasive authority holding that the officials’ conduct violates due process rights. See generally Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1209 (11th Cir.2007) (‘“When fact-specific precedents are said to have established the law, a case that is fairly distinguishable from the circumstances facing a government official cannot clearly establish the law for the circumstances facing that government official; so qualified immunity applies.’ ”). Accordingly, we cannot find that Kalam’s right to have his permit application further processed was such a clearly established right that any reasonable town official would know that rejecting his application would violate the federal constitution.
We recognize that Kalam places much emphasis on Melgren’s and Polia-koffs alleged bad faith. However, “[e]vi-dence concerning the defendant’s subjective intent is simply irrelevant to th[e] [qualified immunity] defense.” Crawford-El v. Britton, 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (“[A] defense of qualified immunity may not be rebutted by evidence that the defendant’s conduct was malicious or otherwise improperly motivated.”). Cf. McGory v. Metcalf, 665 So.2d 254, 259 (Fla. 2d DCA 1995) (explaining how after the initial burden was met, “the burden shifted to the Metcalfs to show lack of good faith on McGoy’s part by demonstrating that his actions violated clearly established law”).
As Kalam’s complaint fails to show that the town officials’ conduct violated his rights in light of clearly established law, the individual defendants are entitled to qualified immunity from suit. Nothing herein should be construed as implicating the remaining claims against the town.
We remand for entry of an order granting the motion to dismiss.
STEVENSON and TAYLOR, JJ., concur.