NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTINA PAYLAN, )
)
         Appellant, )
)
v. )     Case Nos. 2D15-2962
)              2D15-4972
DARRELL DIRKS, CHRISTINE )
BROWN, and MARK OBER, )     CONSOLIDATED
)
         Appellees. )
                             )

Opinion filed October 11, 2017.

Appeal from the Circuit Court for
Hillsborough County; William P.
Levens and Bernard C. Silver, Judges.

Christina Paylan, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, Diana R. Esposito and
Katelyn B. Wright, Assistant Attorneys
General, Tampa, for Appellees.


PER CURIAM.

        Christina Paylan appeals the dismissal with prejudice of her first amended

and second amended complaints against State Attorney (SA) Mark Ober and Assistant

State Attorneys (ASAs) Darrell Dirks and Christine Brown. The complaints arise out of

the State Attorney's Office's investigation and prosecution of Paylan for narcotics violations.

After a de novo review and the benefit of oral argument, we affirm without comment the trial court's dismissal with prejudice of Counts III (intentional infliction of emotional distress), IV (negative entrustment and hiring), V (malicious prosecution), and VI (abuse of process) of the first amended complaint; Counts II (42 U.S.C. § 1983/Fifth and Fourteenth Amendments), III (42 U.S.C. § 1983/negligent supervision and failure to train), V (defamation), and VI (defamation by implication) of the second amended complaint; and all other claims against SA Ober.

Although we affirm the trial court's dismissal with prejudice of Counts I (42 U.S.C. § 1983/Fourth Amendment) and IV (tortious interference with a business relationship) of the second amended complaint as they pertain to SA Ober, we reverse the dismissal of those counts as they pertain to ASAs Dirks and Brown, individually. Paylan sufficiently alleged deprivation of her civil rights under the Fourth Amendment and tortious interference with her business relationships. Although she did not sufficiently attribute specific improper conduct to a specific ASA in every instance, she did raise some specific allegations against both ASA Dirks and ASA Brown. Thus, the trial court abused its discretion in determining that allowing Paylan to amend her claims would be futile and dismissing Counts I and IV against ASAs Dirks and Brown without leave to amend. See Kapley v. Borchers, 714 So. 2d 1217, 1218 (Fla. 2d DCA 1998) ("A dismissal with prejudice should not be ordered without giving the party offering the pleading an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of

action."); cf. Gerentine v. Coastal Sec. Sys., 529 So. 2d 1191, 1194 (Fla. 5th DCA 1988) ("Because the second amended complaint did not provide short and plain statements of the ultimate facts as required by the rules of pleading, the court correctly dismissed it. However, because a cause of action can be gleaned from said second amended complaint, the court should have permitted the plaintiffs another opportunity to amend it . . . .").

Moreover, Paylan's allegations against the ASAs in their individual capacities fall within Florida's limited waiver of sovereign immunity, see § 768.28(9)(a), Fla. Stat. (2010), and the face of her complaint does not otherwise conclusively establish that the ASAs are entitled either to sovereign immunity or to qualified immunity.  See Peak v. Outward Bound, Inc., 57 So. 3d 997, 999 (Fla. 2d DCA 2011) ("Sovereign immunity generally is an affirmative defense that may justify granting a motion to dismiss only when the complaint itself conclusively establishes its applicability." (quoting Sierra v. Associated Marine Insts., Inc., 850 So. 2d 582, 590 (Fla. 2d DCA 2003))); Becker v. Clark, 722 So. 2d 232, 233 (Fla. 2d DCA 1998) ("On a motion to dismiss based on a qualified immunity defense, a trial court must examine the complaint to determine whether the allegations themselves reveal the existence of the qualified immunity defense; that is, whether, under the most favorable version of facts alleged, the defendant's action violated clearly established law."); Town of Southwest Ranches v. Kalam, 980 So. 2d 1121, 1122 (Fla. 4th DCA 2008) ("[A] qualified immunity defense may be resolved on a motion to dismiss where . . . the facts supporting the defense are clear from the complaint.").

Therefore, the trial court erred in dismissing with prejudice Counts I and IV as to ASAs Dirks and Brown.  On remand, Paylan must be given the opportunity to amend Counts I and IV to clearly identify the particular defendant to which she attributes a particular improper act.

Affirmed in part; reversed in part; remanded with instructions.

NORTHCUTT, SALARIO, and ROTHSTEIN-YOUAKIM, JJ., Concur.