J. A. ELEY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 4 March, 1914.)

1. Trial by Jury — Waiver — Findings by Court—Evidence—Appeal and Error.

When a trial by jury has been waived by the parties for the judge to find the facts, his findings thereof are conclusive on appeal if there is evidence to support them; and where the burden of proof is upon the plaintiff to establish the issue, his finding for the defendant thereon is not reviewable, for the plaintiff is required to satisfy him with the evidence that the issue should be answered in his favor.

2. Trial by Jury — Waiver—Findings in Writing—Conclusions of Law—Interpretation of Statutes.

Where a jury trial has been waived by the parties, and the record discloses that the decision of the judge was given in writing, and his finding of fact and conclusions of law are separately stated, it is sufficient under Revisal, sec. 541.

APPEAL by plaintiff from *Peebles, J.,* at October Term, 1913, of HERTFORD.

This is an action to recover the value of certain goods alleged to have been negligently destroyed by fire while in the warehouse of the defendant.

Both parties introduced evidence, and his Honor rendered the following judgment:

"By consent, a jury trial was expressly waived, and both law and fact submitted to the judge. It was admitted that defendant was not liable as common carrier, but solely as warehouseman, and the sole question of fact submitted is, 'Did the defendant by its negligence cause the burning of its warehouse at Tunis?' The court being of the opinion that the evidence fails to show that defendant's negligence caused said fire, so finds, and adjudges that plaintiff take nothing by his action, and that defendant go hence without day."

The plaintiff excepted and appealed, for that:

1. The court failed to set out the facts found and the conclusions of law separately, and contended that upon the evidence submitted in this case, and the law arising thereon, the defendant company was guilty of negligence. The court declined so to find, and plaintiffs excepted.

2. Because the court declined to hold that the defendant company was guilty of negligence in law arising on the facts therein.

3. The court rendered judgment as appears of record.

*Roswell C. Bridger for plaintiff.*
*Pruden & Pruden and S. Brown Shepherd for defendant.*

ALLEN, J. A jury trial being waived, the findings of fact by the judge are as conclusive as the verdict of a jury, when there is evidence to support them (*Matthews v. Fry,* 143 N. C., 385); and in this case it cannot be said there was no evidence to support the findings, because the burden of proof was on the plaintiff to establish negligence, and his Honor had the right which a jury could have exercised, to say that the evidence of the plaintiff did not satisfy him that the defendant was negligent.

There was only one fact in controversy, negligence, and upon a finding upon this adverse to the plaintiff, only one conclusion of law could follow, that the plaintiff take nothing by his action; and an inspection of the record discloses that the decision of the judge was "given in writing," and that the finding of fact and the conclusion of law are stated separately.

This is, in our opinion, a full compliance with Revisal, sec. 541.

The fact upon which the right to recover depends has been found against the plaintiff by the tribunal of his own selection, and there is no error.

Affirmed.