MRS. LILY COWAN MITCHELL AND GUY H. MITCHELL v. J. F. BAR-
FIELD; E. R. WILLIAMSON, G. W. CARR, JR., J. M. M. GREGORY,
JR., DONNIE H. JACOBS; J. E. STRAWBRIDGE; E. C. BROWN; W. A.
BIGGS; M. F. JOHNSON; B. F. SEWELL; W. K. RAND; AND A. M.
HARRIS, MEMBERS OF CITY COUNCIL OF DURHAM, NORTH CARO-
LINA; DAN K. EDWARDS, MAYOR OF DURHAM; R. W. FLACK, CITY
MANAGER; E. H. JOHNSON, BUILDING INSPECTOR OF CITY OF DURHAM;
AND CITY OF DURHAM, A CORPORATION.

(Filed 9 June, 1950.)

**1. Appeal and Error § 40d—**

Findings of fact of the trial judge are conclusive on appeal when sup-
ported by competent evidence.

**2. Same—**

In the trial of a case by the court under agreement of the parties, G.S.
1-184, exceptions to the court's refusal to find certain facts requested are
untenable when the court makes findings supported by evidence diametri-
cally opposed to those requested, the court's refusal of the request being
tantamount to an affirmative finding that the matters and things embodied
in the request do not exist.

**3. Municipal Corporations § 37: Mandamus § 2a—**

Where the owners of land apply for a permit for a hotel building per-
mitted in the zone under the municipal zoning ordinance, which applica-
tion shows compliance with all State and local laws regulating the con-
struction of hotels, *mandamus* lies to compel the issuance of the permit,
since the plaintiffs have a clear legal right to its issuance and defendants
have no discretionary power to withhold it.

**4. Municipal Corporations § 37—**

A building permit for a permissible use may not be denied on the ground
that the applicants intend, after its completion, to use the premises for
another and prohibited use.

**5. Same—**

Municipal ordinances prescribing procedure for the enforcement of
zoning regulations in conflict with those prescribed by G.S. 160-178 are
void, since the statute contemplates that enforcement procedure shall be
uniform.

APPEAL by defendants from *Harris, J.,* at the January Term, 1950, of
DURHAM.

Application for *mandamus* to compel the issuance of a building permit
for the erection of a hotel on premises of the plaintiffs located in an "A
Residence Zone" in the City of Durham as defined in the zoning ordinance
of the municipality.

The case was tried by the court without a jury pursuant to the consent
of the parties entered in the minutes. G.S. 1-184. After hearing the

evidence, the court made voluminous findings of fact, and conclusions of law, and entered judgment, commanding the defendants to issue to the plaintiffs "the building permit applied for and which is the subject of the action." The defendants assigned errors and appealed.

*Fuller, Reade, Umstead & Fuller, Brawley & Brawley, and James L. Newsom for plaintiffs, appellees.*

*Claude V. Jones and Marshall T. Spears for defendants, appellants.*

ERVIN, J. The findings of fact of the judge of the Superior Court had ample support in the evidence at the trial. In consequence, they must be accepted as final truth upon the appeal to the Supreme Court. *Marshall v. Bank,* 206 N.C. 466, 176 S.E. 314; *Distributing Corp. v. Seawell,* 205 N.C. 359, 171 S.E. 354; *Eley v. R.R.,* 165 N.C. 78, 80 S.E. 1064.

In reaching this conclusion, we do not ignore the seven assignments of error based on the refusal of the judge to find facts in accordance with requests of the defendants. These assignments are untenable. When he passed on the requests for findings, the judge necessarily weighed the evidence in his capacity as trier of the facts, and his refusal was tantamount to an affirmative finding that the matters and things embodied in the requests for findings did not exist. 5 C.J.S., Appeal and Error, section 1656. Indeed, the requests for findings were diametrically opposed in the main to the findings of fact actually made by the judge.

The zoning ordinance of the City of Durham provides for the division of the municipality into nine different classes of districts or zones, and permits the construction and operation of hotels in all of such districts or zones.

The facts found by the trial judge show that the application of the plaintiffs for a permit to build a hotel upon their premises in an "A Residence Zone" in the City of Durham meets all the requirements of applicable state and local laws and regulations relating to the construction of hotels. In fact, the defendants concede in their answer that prior to the commencement of this action the building inspector of the City of Durham, who is the administrative official charged with the enforcement of the zoning ordinance, examined the application of the plaintiffs for the building permit, and ascertained that it complied "with the building and zoning regulations of the City of Durham." These things being true, the plaintiffs had a clear legal right to the building permit sought by them, and the defendants had no discretionary power to withhold it. *Kenney v. Building Commissioners of Melrose,* 315 Mass. 291, 52 N.E. 2d 683; 150 A.L.R. 490.

Moreover, the facts found by the trial judge disclose in specific detail that plaintiffs have been denied the building permit for improper reasons.

The defendants asserted at the trial that the governing body of the City of Durham caused the permit to be withheld from plaintiffs because it concluded that they intended to use the proposed building as a nursing home, infirmary, or hospital, and not as a hotel as recited in their application. The court found that "there is no competent evidence to support such conclusion, and that no basis in fact has been shown therefor, and that said conclusion is arbitrary and unreasonable." Moreover, it is to be noted that the municipal authorities had no legal power to refuse a building permit for the cause assigned even if they had grounds for believing such cause to exist. The law declares that "if the right of the applicant to erect the building for which the permit is sought is otherwise absolute, it is no ground for the denial of the permit or of a mandate to compel its issuance that the applicant intends to put the building when erected to an improper use; the question as to the legality of the alleged intended use must await determination in proper proceedings after such use is attempted to be made of the building." 34 Am. Jur., Mandamus, section 188. See, also, in this connection: G.S. 160-179, and 62 C.J.S., Municipal Corporations, section 227 (3).

The action of the defendants in refusing the permit to the plaintiffs cannot be justified by Ordinance No. 990 of the governing body of the City of Durham. This ordinance is void for conflict with the statute now codified as G.S. 160-178, which clearly contemplates that procedures for the enforcement of zoning ordinances shall be uniform.

For the reasons given, the judgment is

Affirmed.