GRAYBAR ELECTRIC COMPANY v. HAROLD E. SHOOK, TRADING AND DOING BUSINESS AS MID-SOUTH CONTRACTING COMPANY

No. 7228SC720

(Filed 20 December 1972)

1. **Sales § 10; Uniform Commercial Code §§ 19, 20, 22— nonconforming goods — rejection of goods by buyer — duties of buyer**

    Where defendant buyer ordered burial cable from plaintiff but received aerial as well as burial cable, defendant was entitled to inspect the goods delivered to him and to accept the conforming and reject the nonconforming parts of the shipment within a reasonable time; however, defendant was also under a duty to notify plaintiff seller of the rejection and hold the rejected goods with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them. G.S. 25-2-513 (1); G.S. 25-2-601 (c); G.S. 25-2-602.

2. **Appeal and Error § 57— findings of fact supported by competent evidence — court on appeal bound by findings**

    Though there may be evidence in the record to support plaintiff seller's contentions that defendant buyer failed to return nonconforming goods as he had agreed to do, failed to exercise reasonable care for safe-keeping of the goods and was liable for the fair market value of the goods, findings to the contrary made by the trial judge which were supported by competent evidence will not be disturbed on appeal.

APPEAL by plaintiff from *Thornburg, Judge,* 1 May 1972 Session of Superior Court held in BUNCOMBE County.

Action to recover the fair market value of certain cable delivered to defendant.

The following facts, among others, were established by admissions in the pleadings: (1) plaintiff is engaged in the electrical supply business and defendant is in the construction business; (2) during the month of March or April 1970, defendant ordered "burial cable" from plaintiff for a construction project then in progress; (3) by mistake, plaintiff delivered one reel of burial cable and two reels of "aerial cable" to the address indicated by defendant; (4) defendant paid plaintiff for the burial cable and; (5) defendant advised plaintiff of the mistake in the shipment.

Plaintiff alleged that after defendant advised plaintiff of the mistake, defendant agreed to ship the cable back to the plaintiff. Defendant denied this allegation. Plaintiff further alleged that by reason of defendant's failure to return the

aerial cable to plaintiff, defendant is indebted to the plaintiff in the amount of $9,989.85, which allegation was also denied by defendant.

The case was tried by the court without a jury. The court made findings of fact and conclusions of law which may be summarized in essential part as follows: (1) defendant ordered a quantity of burial cable from plaintiff; (2) one reel of burial cable was delivered for which plaintiff has been 'paid; (3) two reels of aerial cable, rather than burial cable as ordered, were delivered; (4) the containers in which the two reels of aerial cable were shipped were marked "burial cable;" (5) upon opening the cartons, defendant noted that it was not what had been ordered and so notified the plaintiff; (6) defendant advised plaintiff that he did not want the aerial cable; (7) plaintiff requested that defendant attempt to have the cable shipped back to the supplier; (8) defendant stated that he would attempt to do so; (9) defendant contacted three trucking firms in an effort to have the cable shipped back but was unable to procure a truck because of a strike in the trucking industry; (10) defendant advised plaintiff that he had been unable to procure a truck; (11) defendant stored the non-conforming cable in an area adjacent to his construction site; (12) defendant kept an agent at the storage site during the time he was engaged in the project; (13) on or about 20 July 1970 defendant discovered that one reel of the aerial cable had been taken from the site and notified plaintiff's agent; (14) defendant told the agent that the remaining cable had been moved to a garage, defendant having contacted the owner of the garage and having been told that the cable would be moved; (15) the remaining cable was not moved to the garage; (16) on or about 4 August 1970 it was discovered that the remaining cable had been stolen.

From the foregoing the court concluded, in substance: that the cable did not conform to the contract; defendant notified plaintiff within a reasonable time after delivery that he was rejecting the non-conforming goods; after rejection, defendant held the goods with reasonable care at the plaintiff's disposition for time sufficent to permit the plaintiff to remove them and; that defendant had no further obligation with regard to the rejected goods. The court made an alternative finding that if defendant was a bailee of the aerial cable delivered, he was not liable for the loss of the cable because plaintiff was duly notified

that the cable was being held and that part of the cable had been taken. The court also found that plaintiff had sufficient notice and opportunity to take the necessary steps to protect his property, which he did not do.

Judgment was entered denying recovery to the plaintiff.

*Bennett, Kelly & Long, P.A.* by *Robert B. Long, Jr.,* for plaintiff appellant.

*Bruce A. Elmore* by *George W. Moore* for defendant appellee.

VAUGHN, Judge.

[1] Defendant-buyer was entitled to inspect the goods after their arrival. G.S. 25-2-513 (1). Since part of the goods failed to conform to the contract, the buyer could accept any commercial unit and reject the rest. G.S. 25-2-601 (c). Such rejection must have been made within a reasonable time after delivery and the plaintiff-seller seasonably notified. Defendant was also under a duty after rejection to hold the rejected goods with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them. Nothing else appearing, the buyer had no further obligation with respect to the rejected goods. G.S. 25-2-602. The court's findings are in accord with the foregoing and support the judgment dismissing the action.

[2] Plaintiff tendered requests for findings of fact which were substantially rejected by the court. Among other things, plaintiff contends that the court should have found facts showing the existence of an agreement between plaintiff and defendant whereby defendant agreed to ship the goods back to plaintiff. Plaintiff contends that the court should have found that defendant failed to return the goods as he agreed to do, failed to exercise reasonable care for safe-keeping of the goods and is liable for the fair market value of the same. It may well be that there is evidence in the record which would support such findings. The burden, however, was on the plaintiff to satisfy the trier of the facts as to the existence of the agreement and the breach thereof by the defendant. "A jury trial being waived, the findings of fact by the judge are as conclusive as the verdict of a jury, when there is evidence to support them *(Matthews v. Frye,* 143 N.C., 385) ; and in this case it cannot be said that there was no evidence to support the findings, because the burden of proof was on the plaintiff to establish negligence and

his Honor had the right which a jury could have exercised, to say that the evidence of the plaintiff did not satisfy him that the defendant was negligent." *Eley v. Railroad,* 165 N.C. 78, 80 S.E. 1064.

In *Mitchell v. Barfield,* 232 N.C. 325, 59 S.E. 2d 810, the trial judge failed to find facts requested by the appellant. The court, in an opinion written by Justice Ervin, held that assignments of error based on the court's failure to so find were untenable. The court said, "When he passed on the requests for findings, the judge necessarily weighed the evidence in his capacity as trier of the facts, and his refusal was tantamount to an affirmative finding that the matters and things embodied in the requests for findings did not exist."

The weight to be given the evidence and the resolution of reasonable inferences arising thereon are for the trier of the facts. Where, as here, the court's findings are supported by competent evidence, they will not be disturbed on appeal. The material facts so found support the judgment, which we affirm.

Affirmed.

Judges HEDRICK and GRAHAM concur.