THE QUADRANT CORPORATION v. CITY OF KINSTON, A MUNICIPAL CORPORATION, AND C. ROSS HILL, BUILDING INSPECTOR OF THE CITY OF KINSTON

No. 748SC215

(Filed 5 June 1974)

1. **Municipal Corporations § 30— building permit — discretion of building inspector**

    A building inspector had no discretion to withhold a building permit for the construction of apartments where the applicable zoning restrictions permitted the construction of multiple dwellings on the applicant's property and the plans and specifications for the proposed structures showed that the apartments complied with lot size and other space requirements embodied in the zoning laws.

2. **Municipal Corporations § 30— decision of board of adjustment — finality**

    Decision by the board of adjustment that plaintiffs are entitled to a building permit is final where no aggrieved party sought review of the decision in the superior court. G.S. 160A-388(e).

APPEAL by defendants from *Cowper, Judge,* 13 August 1973 Session of Superior Court held in LENOIR County.

Plaintiff brought this action for mandamus to compel defendants to issue a building permit.

On 23 March 1973, plaintiff applied to C. Ross Hill, Building Inspector for the City of Kinston, for a building permit to construct apartments. The construction site was zoned RA-6 (Residential), a classification which includes multiple dwellings

as a permitted use provided minimum lot size and other space requirements are satisfied. Plaintiff submitted scale drawings of the property and proposed buildings which depict the proposed placement of the structures. Hill refused to issue a permit and informed plaintiff that the matter should be referred to the Kinston Board of Adjustment for review. On 2 April 1973, plaintiff applied to the Board of Adjustment for a building permit. The Board determined that plaintiff's request for a permit should be granted. Defendant appellant did not petition the superior court to review that decision. Hill still refused to issue the permit. He told plaintiff that the Kinston Board of Aldermen would have to review the matter. On two occasions, the Aldermen declined to authorize the issuance of a permit.

Plaintiff then brought this action for mandamus. After making findings of fact and conclusions of law, the court directed defendants to issue the building permit upon plaintiff's request and payment of the required fees.

*Barden, Stith, McCotter & Stith by Laurence A. Stith for plaintiff appellee.*

*Vernon H. Rochelle for defendant appellants.*

VAUGHN, Judge.

[1] Defendants except to the entry of the judgment and argue, in effect, that the judgment is based on erroneous conclusions of law. With respect to defendant Hill, the court determined that "the Building Inspector should have issued such permit forthwith upon the application made to him. . . . " This conclusion is supported by the facts found and admitted. *Manufacturing Co. v. Clayton, Acting Comr. of Revenue,* 265 N.C. 165, 143 S.E. 2d 113; *Insurance Co. v. Motors,* 264 N.C. 444, 142 S.E. 2d 13. The court found and defendants admitted that applicable zoning restrictions permitted the construction of multiple dwellings on plaintiff's property. The court further found and defendants also admitted the plans and specifications for the proposed structures indicated that the apartments complied with the lot size and other space requirements embodied in the zoning laws. From these findings, it follows that as a matter of law, Hill had no discretion to withhold the requested building permit. *See In re Application of Construction Co.,* 272 N.C. 715, 158 S.E. 2d 887; *Mitchell v. Barfield,* 232 N.C. 325, 59 S.E. 2d 810.

[2] So far as the Board of Adjustment of the City of Kinston is concerned, the court concluded that the Board determined plain-

tiff was entitled to a permit, that no aggrieved party appealed the decision, and that that decision is final. We note that again the court's conclusions of law are supported by facts found and admitted. *Manufacturing Co. v. Clayton, Acting Comr. of Revenue, supra; Insurance Co. v. Motors, supra.* Numerous decisions support the legal proposition that ordinarily Board of Adjustment decisions are final. *E.g., Yancey v. Heafner,* 268 N.C. 263, 150 S.E. 2d 440; *Durham County v. Addison,* 262 N.C. 280, 136 S.E. 2d 600.

In addition to concluding that the Board's decision was final, the court also concluded that "the Board of Adjustment did have before it [when it made its decision] all pertinent facts and circumstances and that it did make a full and impartial inquiry into all matters and things which it should have considered. . . . " Although this conclusion was apparently designed to answer defendants' argument that the Board considered insufficient evidence and failed to comply with the terms of its statutory charter, it is extraneous to plaintiff's right to mandamus. Defendants were not in a position, within the context of this action, to challenge the validity and propriety of the Board's decision. G.S. 160A-388(e) provides that all decisions of a board of adjustment are subject to review by the superior court by proceedings in the nature of certiorari. The Code of the City of Kinston includes the following.

"Sec. 24-41. Appeals from decision of board.

Any person or persons, jointly or severally, aggrieved by any decision of the board, or any taxpayer, or any officer, department, board, or bureau of the city may, within thirty (30) days after the filing of the decision in the office of the board, but not thereafter, present to a court of competent jurisdiction a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of illegality, whereupon such decision of said board shall be subject to review as provided by law. (Ord. of 5-1-50, § 12)"

Defendants have complied with neither G.S. 160A-338 nor Section 24-41. The judgment from which defendants appealed is affirmed.

Affirmed.

Judges CAMPBELL and MORRIS concur.