IN RE JAMES ADAMS, RLS NO. L-3024, Petitioner v. THE NORTH CAROLINA STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Respondent

No. COA97-866

(Filed 21 April 1998)

1. **Engineers and Surveyors § 11 (NCI4th)— authority of Board—adequate guiding standards**

The delegation of authority from the General Assembly under which the Board found petitioner guilty of gross negligence and misconduct and revoked his registration as a surveyor provided the Board with adequate guiding standards; in light of the Board's expertise, "gross negligence and misconduct" is a sufficiently specific standard.

2. **Engineers and Surveyors § 11 (NCI4th)— surveyor—revocation of license—not arbitrary and capricious**

The Board's decision to revoke petitioner's license as a surveyor was not arbitrary and capricious where petitioner did not present sufficient evidence to rebut the presumption that the administrative agency properly performed its official duties. Petitioner failed to show that the decision was "whimsical" or in "bad faith."

**3. Engineers and Surveyors § 11 (NCI4th)— Citation of Hearing—reference to particular statutes and rules involved—waived**

Any objection by a surveyor to the State Board of Registration's lack of notice to petitioner of particular sections of statutes and rules involved in the hearing was waived where petitioner fully participated and made no objection to the allegedly deficient notice.

**4. Engineers and Surveyors § 11 (NCI4th)— surveyor—revocation of license—supported by substantial evidence**

The evidence was sufficient to support the Board of Registration's decision to revoke petitioner's license as a surveyor where the record reveals that petitioner copied the work of others and put his name and seal on it, there was evidence of improper surveys, and there was evidence of surveying errors. Taken together, the evidence is sufficient to support the Board's decision.

Appeal by petitioner from order entered 4 April 1997 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 23 February 1998.

The petitioner-appellant, James Adams, was a registered land surveyor. On 3 May 1996 the appellees, The North Carolina State Board of Registration for Professional Engineers and Land Surveyors ("the Board"), sent petitioner a Citation for Hearing stating that the Board had conducted an investigation regarding three surveys signed and sealed by petitioner and dated between 1 December 1994 and 12 April 1995. The Citation stated that "[t]he results of the investigation indicate you may be guilty of gross negligence, incompetence or misconduct in the practice of your profession. . . ." The Board held a hearing on 20 June 1996.

On 27 June 1996, the Board issued its written decision. In its decision, the Board made findings of fact and concluded as a matter of law that Mr. Adams had: (1) represented surveys as his own without an actual survey; (2) affixed his seal to surveys not done by him or under his direct supervisory control; (3) certified plats which did not comply with the requirements of G.S. 47-30; and (4) had failed to conform to the *Standards of Practice for Land Surveying in North Carolina*, 21 NCAC 56.1600. The Board found petitioner guilty of

gross negligence and misconduct in the practice of his profession and revoked his registration as a registered land surveyor.

On 29 July 1996, petitioner filed a Petition for Judicial Review in Superior Court. Following a hearing on 3 April 1997, on 4 April 1997 Judge Robert L. Farmer affirmed the Board's Decision and Order. Petitioner appeals.

> *Parker, Poe, Adams & Bernstein, L.L.P., by K. Matthew Vaughn, for petitioner-appellant.*

> *David S. Tuttle, Board Counsel, North Carolina State Board of Registration for Professional Engineers and Land Surveyors, and Bailey & Dixon, L.L.P., by Wright T. Dixon, Jr. and John M. Kirby, for respondent-appellee.*

EAGLES, Judge.

[1] We first consider whether the grant of judicial authority under which the Board disciplined petitioner was constitutional. Petitioner argues that the transfer of judicial power to an agency violates the separation of powers provision of Article IV, Section 3 of the North Carolina Constitution unless it is accompanied by "adequate guiding standards." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 382, 379 S.E.2d 30, 35 (1989). Petitioner maintains that the General Assembly "has not provided the Board any guidance with respect to what factors the Board should consider in its deliberations on choosing between the more punitive but non-monetary range of sanctions available to it from reprimand to revocation." *See* G.S. 89C-21(a) and (b). Petitioner relies on *Civil Penalty*. In *Civil Penalty*, our Supreme Court determined that there were adequate guiding standards where the agency was required to:

> [C]onsider the degree and extent of harm caused by the violation, the cost of rectifying the damage, the amount of money the violator saved by his non-compliance, whether the violation was committed willfully and the prior record of the violator in complying or failing to comply with this Article.

*Id.* at 383, 379 S.E.2d at 36. Petitioner maintains that the statute at issue here is defective because these standards are not present. Additionally, petitioner argues that *In re Guess*, 327 N.C. 46, 393 S.E.2d 833 (1990), *cert. denied, Guess v. North Carolina Bd. of Medical Examiners*, 498 U.S. 1047, 112 L.Ed.2d 774 (1991), relied upon by the Board, is not applicable because the disciplinary options

available to the agency in *Guess* were much more narrow than those available here. Accordingly, petitioner argues that the Board's revocation should be reversed.

The Board argues that the statute here clearly defines both the standards by which the Board must abide and the grounds for disciplinary actions. The Board relies on *Guess*. In *Guess*, our Supreme Court determined that when the General Assembly created the Board of Medical Examiners, it recognized that "[c]ertain aspects of regulating the medical profession plainly require expertise beyond that of a layman." *Id.* at 54, 393 S.E.2d at 837. Accordingly, the Board here contends that "[i]n light of the expertise of the Board in this area, it is sufficient that the legislature authorized revocation for gross negligence and misconduct." The Board maintains that the General Assembly was not required to set forth by legislative enactment every conceivable situation constituting gross negligence and misconduct. *See id.* at 53, 393 S.E.2d 837 and *In re Wilkins*, 294 N.C. 528, 242 S.E.2d 829 (1978). The Board distinguishes *Civil Penalty*, cited by petitioner, by noting that *Civil Penalty* addressed an agency's power to impose a fine. The Board argues in their brief that "there is a significant distinction between an agency imposing a fine for past transgressions and an agency revoking an individual's license to protect the public from prospective violations of harm." *See State v. Oliver*, 343 N.C. 202, 470 S.E.2d 16 (1996). The Board argues that here the Board did not impose a penalty for past transgressions, but merely acted to protect the public. Finally, the Board maintains that petitioner committed wanton misconduct and gross negligence by conscious acts, and the Board acted within the parameters of G.S. 89C-21 in determining that the acts alleged and proven warranted revocation of petitioner's license.

The Board's arguments are persuasive and petitioner's assignment of error is overruled. In *Guess*, our Supreme Court recognized that:

> Certain aspects of regulating the medical profession plainly require expertise beyond that of a layman. Our legislature recognized that need for expertise when it created a Board of Medical Examiners composed of seven licensed physicians and one additional member. . . . The statutory phrase 'standards of acceptable and prevailing medical practice' is sufficiently specific to provide the Board—comprised overwhelmingly of expert physicians— with the 'adequate guiding standards' necessary to support the

legislature's delegation of authority. . . . There is no requirement, however, that every action taken by the Board specifically identify or address a particular injury or danger to any individual or to the public. It is enough that the statute is a valid exercise of the police power for the public health and general welfare, so long as the Board's action is in compliance with the statute. . . .

*Id.* at 54, 393 S.E.2d at 837-38.

In *Guess*, our Supreme Court recognized the need for expertise in regulating the medical profession. Similarly, we recognize the need for expertise in regulating land surveyors. In light of the Board's expertise, "gross negligence and misconduct" is a sufficiently specific standard to provide the Board with the "adequate guiding standards" necessary to support the General Assembly's delegation of authority.

[2] We next consider whether the Board's decision to revoke petitioner's license was arbitrary and capricious. Petitioner contends that the Board's decision was arbitrary and capricious because it lacked reasoned decision making. *See State ex. rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 300 N.C. 381, 420, 269 S.E.2d 547, 573, *reh'g denied*, 301 N.C. 107, 273 S.E.2d 300 (1980). Specifically, defendant argues that the Board revoked his license "without articulating any discernible standard by which the Petitioner's conduct could be distinguished as more culpable than the conduct of other surveyors who were issued lesser sanctions." Petitioner further argues that the Board's failure to allow him to supplement the record with his complete survey notes was also arbitrary and capricious, particularly in light of the fact that he was not represented by counsel.

The Board argues that they exercised their discretion in good faith and in accordance with the law. The Board emphasizes in their argument that there is a presumption that an administrative agency has properly performed its duties. The Board also argues that petitioner's contention that the Board was arbitrary and capricious in denying his request to supplement the record is without merit because petitioner did not bring the notes to the hearing and never requested at the hearing that he be allowed to supplement the record. The Board contends that supplementation of a hearing record is a matter within the discretion of the Board. Finally, the Board contends that petitioner made an informed decision to proceed without counsel.

ADAMS v. N.C. STATE BD. OF REG. FOR PROF. ENG. AND LAND SURVEYORS

[129 N.C. App. 292 (1998)]

"It is proper to presume that an administrative agency has properly performed its official duties." *Matter of Broad and Gales Creek Community Ass'n*, 300 N.C. 267, 280, 266 S.E.2d 645, 654 (1980). Petitioner has not presented sufficient evidence to rebut this presumption.

> The 'arbitrary or capricious' standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are 'patently in bad faith,' . . . or 'whimsical' in the sense that 'they indicate a lack of fair and careful consideration' or 'fail to indicate 'any course of reasoning and the exercise of judgment'. . . .'

*Dockery v. North Carolina Dept. of Human Resources*, 120 N.C. App. 827, 832, 463 S.E.2d 580, 584 (1995)(citations omitted). Petitioner has failed to show that the decision was "whimsical" or in "bad faith." Accordingly, the assignment of error is overruled.

[3] We next consider whether the Board erred as a matter of law by failing to refer precisely to the particular sections of the statutes and rules involved in the Citation of Hearing. Petitioner first contends that the Citation of Hearing failed to comply with G.S. 150B-23(b) which requires the Citation to "reference the particular section of the statutes and rules involved." Petitioner argues that the Citation did not cite any section of the statutes or rules, instead citing that defendant may be guilty of "representing surveys as your own without an actual survey." Petitioner maintains this is insufficient because it cites no section or rule which prescribes this conduct or defines what the Board means by an "actual survey." Petitioner also argues that the Board in the Citation did not refer to a particular section of G.S. 47-30, which the Board alleged that petitioner did not comply when certifying a plat. Accordingly, petitioner argues that the Citation for Hearing was legally deficient.

The Board maintains that notice was sufficient, arguing that "actual survey" is defined in 21 NCAC 56.1602(a). 21 NCAC 56.1602(a) states that

> [a] registered land surveyor shall spend the necessary time and effort to make adequate investigation to determine if there are encroachments, gaps, lappages, or other boundary evidence along each line he surveys. Points can be placed on the line from nearby closed or verified transverses and the necessary investi-

gations made from these points. If these investigations are not made, then the surveyor cannot certify to an *actual survey* of that line and his plat must contain the appropriate qualifications in accordance with these standards.

(Emphasis added). The Board contends that the Citation complied with G.S. 150B-38(b) by listing the surveys involved and describing how they violated G.S. 47-30 and 21 NCAC 56.1600 *et al.* The Board argues that the notice clearly stated the substantive grounds and that petitioner presented his defense in each in the matters charged. Furthermore, the Board argues that "[t]he failure to state a particular rule number as a basis for a motion is not a fatal error so long as the substantive grounds and relief desired are apparent and the opponent of the motion is not prejudiced thereby." *Garrison v. Garrison*, 87 N.C. App. 591, 596, 361 S.E.2d 921, 925 (1987). Finally, the Board contends that petitioner waived any objection to notice because he participated in the hearing and made no objection to the allegedly improper notice at the hearing. *See Messer v. Laurel Hill Assoc.*, 102 N.C. App. 307, 310-11, 401 S.E.2d 843, 845 (1991).

At the hearing, petitioner did fully participate and made no objection to the allegedly deficient notice. Accordingly, any objection based on lack of notice is deemed waived because petitioner may not assert alleged error below for the first time on appeal. N.C.R. App. P. 10(b)(1). *See also Dobos v. Dobos*, 111 N.C. App. 222, 431 S.E.2d 861 (1993) (Father waived proper notice of mother's motion to modify child custody, although father was not served and motion did not comply with requirement that it state grounds and relief sought, because father's attorney was timely served with motion, was present at and participated in hearing, and did not object to introduction of wife's evidence of changed circumstance or seek continuance). Accordingly, the assignment of error is overruled.

[4] We next consider whether the Board's decision was supported by substantial evidence. Petitioner contends that there is no evidence that an "actual survey" was not prepared. Petitioner argues that the fact he borrowed from the work of another surveyor is irrelevant because the Board's rules do not prohibit reliance on the work of previous surveys. Petitioner maintains that he satisfied the Board's rules by ensuring that the properties at issue were physically measured by his crews and by relying on the field notes of those measurements in producing the survey plats at issue. Petitioner also argues that there is not substantial evidence that he committed gross negligence

or wanton misconduct because he did no more than make a calculation error and may not have complied with each detail of the *Standards of Practice for Land Surveying in North Carolina*, 21 NCAC 56.1600.

The Board argues that the record plainly shows that petitioner has manifested a reckless indifference to the rights of others. In none of the surveys did petitioner do enough research or field work for him to claim it was his work product. He repeatedly violated the rules governing land surveying and adopted a "short-cut mentality," disregarding the property rights of those for whom he was conducting the survey as well as the rights of adjoining property owners.

The record reveals evidence that petitioner copied the work of others and put his name and seal on it. In fact, petitioner admitted he "borrowed" from others. The record also reveals evidence of improper surveys. In one survey petitioner relied on a non-surveyor to provide survey information on an individual property line rather than going to the Register of Deeds and researching the necessary background information. Petitioner rationalized that since the providers of the information were "professional real estate brokers or lawyers," the information would be accurate. Finally, there was also evidence of surveying errors. On one survey, petitioner inserted a line call from a 1902 deed description rather than rely on survey information provided by a crew of surveyors. This resulted in a difference of 1 degree 44 minutes in the property line call and the survey failed to close because of the erroneous call. Taken altogether, the evidence is sufficient to support the Board's decision. Accordingly, the assignment of error is overruled.

For the reasons stated the judgment of the trial court upholding the Board's revocation of petitioner's license is affirmed.

Affirmed.

Judges HORTON and SMITH concur.