GERARD R. NAZZIOLA, SR., RICHARD L. POWERS, SR., STEVE LACIVITA, ROBERT A. BOLANDER, ANNE B. MARTIN AND SEDGEFIELD LAKES COMMUNITY ORGANIZATION, INC., PLAINTIFFS v. LANDCRAFT PROPERTIES, INC., JONES BROS., INC., AND CITY OF GREENSBORO, NORTH CAROLINA, DEFENDANTS v. WILLARD MICHAEL COFFIN, INDIVIDUALLY; WILLARD MICHAEL COFFIN AS EXECUTOR OF THE ESTATE OF ANNIE C. COFFIN; WILLARD MICHAEL COFFIN, AS TRUSTEE OF TRUST ESTABLISHED UNDER THE WILL OF ANNIE C. COFFIN; AND WILLARD MICHAEL COFFIN AS SUCCESSOR TRUSTEE OF ANNIE C. COFFIN INTER VIVOS TRUST, AND THE CITY OF GREENSBORO, THIRD-PARTY DEFENDANTS

No. COA00-64

(Filed 15 May 2001)

**1. Cities and Towns— residential subdivision—permits—minimum requirements of development ordinance met**

The whole record test reveals that defendant city did not act arbitrarily and capriciously in granting permits for the development of a residential subdivision because: (1) when zoning restrictions are met and subdivision regulations as set out in the ordinance are in compliance, permits must be issued; and (2) the city met the minimum requirements of its development ordinance.

**2. Cities and Towns— residential subdivision—no entitlement to hearing or notice to nearby property owners**

Plaintiffs were not entitled to a hearing on their opposition to development of a residential subdivision, because: (1) N.C.G.S. § 160A-373 requires neither a hearing nor notice to nearby property owners for the granting or denying of a permit for a subdivision plot; (2) the pertinent subdivision ordinance contemplates that the approval of site plans is ministerial; and (3) plaintiffs cannot now seek a hearing on zoning issues by challenging the administrative and ministerial issuance of permits for a site plot, N.C.G.S. §§ 1-54.1 and 160A-364.1.

Appeal by plaintiffs from judgment entered 23 November 1999 by Judge Russell G. Walker in Guilford County Superior Court. Heard in the Court of Appeals 14 February 2001.

*Smith, James, Rowlett & Cohen, LLP by Norman B. Smith, for plaintiffs-appellants.*

*Smith Helms Mulliss & Moore, LLP by Thomas E. Terrell, Jr., for defendant-appellee, Landcraft Properties, Inc.*

*A. Terry Wood, Chief Deputy City Attorney, for defendant-appellee, City of Greensboro.*

*Adams, Kleemeier, Hagan, Hannah, & Fouts, by David S. Pokela and David A. Senter, for defendant-appellee, Jones Brothers, Inc.*

WYNN, Judge.

The individual plaintiffs in this action are homeowners in the Sedgefield Lakes area of Greensboro who are organized under the nonprofit corporation of Sedgefield Community Organization, Inc.

After two public hearings in 1994, Greensboro City Council annexed the Sedgefield Lakes-Pilot Ridge area and zoned the property under a general classification that permitted single family homes. In 1999, defendant Landcraft Properties, Inc. purchased the 37-acre tract called Pilot Ridge for residential development. Thereafter, Landcraft submitted to the City of Greensboro's Planning Department a preliminary subdivision plat, watershed development plan, and erosion and sedimentation control plans. The Planning Department approved all of the plans in June 1999 under the City of Greensboro Development Ordinance, Section 30-6-7. The plaintiffs challenged that approval by bringing this action. Following a grant of partial summary judgment in favor of Landcraft and the City of Greensboro, the plaintiffs appealed to this Court.

[1] Plaintiffs first argue that the City acted arbitrarily and capriciously in granting the permits for the residential development. We disagree.

"[A] decision may be reversed as arbitrary and capricious only where the petitioner establishes that the decision was whimsical, made patently in bad faith, indicates a lack of fair and careful consideration, or 'fail[s] to indicate any course of reasoning and the exercise of judgment. . . .' " *Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999) (quoting *Adams v. N.C. State Bd. of Registration for Prof'l Engineers and Land Surveyors*, 129 N.C. App. 292, 297, 501 S.E.2d 660, 663 (1998)). When the reviewing court is determining whether the decision by the City was arbitrary, capricious, or unsupported by substantial evidence, as we are in the instant case, it must apply the "whole record" test. *See Amanini v. N.C. Dep't of Hum. Res., N.C. Special Care Ctr.*, 114 N.C. App. 668, 673, 443 S.E.2d 114, 117 (1994). The whole record

test requires that the reviewing court examine all competent evidence to determine whether the agency decision is supported by substantial evidence. *See Rector v. N.C. Sheriffs' Educ. & Training Standards Comm'n*, 103 N.C. App. 527, 532, 406 S.E.2d 613, 616 (1991).

When issuing permits, a city's agent is merely an administrative official and must be governed by the literal provisions of the zoning regulations. *Lee v. Bd. of Adj. of Rocky Mount*, 226 N.C. 107, 37 S.E.2d 128 (1946). Indeed, such administrative decisions are "made without a hearing at all, with the staff member reviewing an application to determine if it is complete and whether it complies with the objective standards set forth in the zoning ordinance." *County of Lancaster, S.C. v. Mecklenburg County, N.C.*, 334 N.C. 496, 508, 434 S.E.2d 604, 612 (1993). An applicant who meets all the requirements of the ordinance is entitled to the issuance of a permit as a matter of right; and, it may not lawfully be withheld. *See In re Rea Const. Co.*, 272 N.C. 715, 718, 158 S.E.2d 887, 889-90 (1968).

In this dispute, the plaintiffs acknowledged in their complaint that the City of Greensboro met the technical requirements of its Development Ordinance, "by treating the minimum requirements for subdivision platting, as entitlements or mandates for applicants to carry out development activities for which application was made." When zoning restrictions are met, and subdivision regulations as set out in the ordinance are complied with, permits must be issued. *Quadrant Corp. v. City of Kinston*, 22 N.C. App. 31, 205 S.E.2d 324 (1974). Thus, because the City of Greensboro met the minimum requirements of its Development Ordinance, we must conclude that the evidence fails to show that the City of Greensboro acted in an arbitrary and capricious manner.

[2] The plaintiffs also argue that they were entitled to a hearing on their opposition to the Pilot Ridge Subdivision. We disagree.

Under N.C. Gen. Stat. § 160A-373 (1999), a subdivision ordinance must set forth the procedures for granting or denying approval of a subdivision plat prior to registration. However, that statute requires neither a hearing nor notice to nearby property owners for the granting or denying of a permit for a subdivision plot. N.C. Gen. Stat. § 160A-373. Moreover, the subdivision ordinance at issue, Section 30-3.11.4, contemplates that the approval of site plans is ministerial: "The Site Plan or Plot Plan shall be approved when it meets all requirements of this ordinance." Thus, as to zoned tracts, the

**NAZZIOLA v. LANDCRAFT PROPS., INC.**

[143 N.C. App. 564 (2001)]

Planning Department's role is administrative as it may not consider the zoning issues that the plaintiffs seek to have addressed such as the density and character of the neighborhood and streets.

Indeed, the essence of the issues presented by the plaintiffs challenge the original zoning decision of 1994. Since the statute of limitations has long run on such a challenge, the plaintiffs cannot now seek a hearing on zoning issues by challenging the administrative and ministerial issuance of permits for a site plot. N.C. Gen. Stat. §§ 1-54.1 (1999) and 160A-364.1 (1981).

Affirmed.

Judges McGEE and THOMAS concur.