SANCO OF WILMINGTON SERVICE CORPORATION, Petitioner v. NEW HANOVER COUNTY, THE NEW HANOVER COUNTY BOARD OF COMMISSIONERS, and NEW HANOVER COUNTY BOARD OF EDUCATION, Respondents

No. COA03-602

(Filed 21 September 2004)

## 1. Administrative Law— construction of ordinance—review de novo

A court reviewing a question of law concerning the construction of an ordinance should apply a de novo standard of review.

## 2. Zoning— appeal from review committee to Board of Commissioners—ministerial ordinance—appeal limited to applicant

The superior court did not err when it found that the Board of Commissioners acted ultra vires in allowing a neighborhood preservation group to appeal a zoning decision from a review committee to the Board of Commissioners. The ordinance was clearly ministerial and petitioner was entitled to the permit as a matter of law once it complied with the terms of the ordinance; moreover, the plain language of the ordinance, read in its entirety, allows only the applicant the right of appeal.

Appeal by respondents from judgment entered 11 September 2002 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 5 February 2004.

*Shipman & Hodges, L.L.P., by Gary K. Shipman and William G. Wright, for petitioner-appellee.*

*E. Holt Moore, III, Assistant County Attorney, for respondents-appellants New Hanover County and New Hanover County Board of Commissioners.*

ELMORE, Judge.

I.

In this appeal, New Hanover County and the New Hanover County Board of Commissioners (collectively, respondents) appeal from a judgment of the New Hanover County Superior Court, which judgment voided and nullified a decision of the Board of Commissioners to amend an approval previously awarded to Sanco of Wilmington Service Corporation (petitioner) on petitioner's application for approval of its subdivision plat. For the reasons stated herein, we affirm the trial court's order and judgment.

On 22 August 2001, petitioner received preliminary approval from the Technical Review Committee of the New Hanover County Planning Board (TRC)[1] for a project to construct a condominium complex. The approved plan for the complex included 427 condominium units. Soon after this approval, a petition signed by thirteen individuals was received by the New Hanover County Planning Department. This petition from a group calling itself "Concerned Citizens for Neighborhood Preservation" (Concerned Citizens) requested a public hearing so that their concerns could be heard.

Over petitioner's objection, the Board of Commissioners held a hearing on 1 October 2001 to address the Concerned Citizens' petition. At that hearing, the Chair of the Board of Commissioners stated that the proceeding was "an administrative action, not a quasi-judicial action." After hearing from various parties, the Board of Commissioners voted to "amend" the decision of the TRC so as to reduce the number of approved condominium units from 427 units to approximately 213 using approximately 85 acres of land.[2] Some additional requirements imposed by the Board of Commissioners were subsequently removed.

Petitioner responded on 7 November 2001 by filing a Petition for a Writ of Certiorari to the New Hanover County Superior Court. The petition sought a declaration that the approval of the project was only to have been a ministerial act in which policy decisions were not

---

1. Although the ordinance at issue here discusses the role and duties of the "Planning Board Chairperson," in practice that function is served by a body sitting as a Technical Review Committee. For the sake of simplicity, we will refer only to the Technical Review Committee (TRC).

2. This decision of the Board has alternatively been described as a remand to the TRC with instructions to approve the project as so described. The effect of the vote is indisputably the same irrespective of this distinction.

appropriate, and furthermore that pursuant to the local subdivision ordinance, no one other than petitioner possessed a right to appeal the decision of the TRC to the respondent Board.

After entertaining various motions, a hearing was held on 5 September 2002 before Judge Jay D. Hockenbury. In pertinent part, the order and judgment of the Superior Court concluded as a matter of law as follows:

(2.) The process of reviewing and approving subdivision plans under the County's Subdivision Ordinance is a mere ministerial/administrative action, not subject to approval by the Board of Commissioners.

. . .

(6.) The Board of Commissioners had no power or authority under its Subdivision Ordinance on October 1, 2001 to conduct a hearing or consider an appeal from any third parties.

(7.) As such, the actions of the New Hanover County Board of Commissioners of October 1, 2001, with respect to the hearing conducted in this matter and its determination with respect to the Petitioner's Subdivision were *ultra vires*, and accordingly, void and a nullity.

The effect of this order and judgment was to reinstate the original approval of petitioner's subdivision plat by the TRC. From this order and judgment, respondents appeal.

II.

[1] A court reviewing a question of law concerning the proper construction of an ordinance should apply a *de novo* standard of review. "If a petitioner contends the Board's decision was based on an error of law, *de novo* review is proper." *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 140 N.C. App. 99, 102, 535 S.E.2d 415, 417 (2000), *aff'd*, 354 N.C. 298, 554 S.E.2d 634 (2001). Because this case presents issues turning upon the proper construction of an ordinance, *de novo* review was in fact the proper standard of review for the hearing conducted by the superior court below. *See, e.g., Ayers v. Bd. of Adjust. for Town of Robersonville*, 113 N.C. App. 528, 531, 439 S.E.2d 199, 201, *disc. review denied*, 336 N.C. 71, 445 S.E.2d 28 (1994). As such, our review is limited to determining whether "the superior court committed error of law in interpreting and applying the municipal ordinance." *Capricorn Equity Corporation v. Town of*

*Chapel Hill Bd. of Adjust.*, 334 N.C. 132, 137, 431 S.E.2d 183, 187 (1993). Because the superior court in this case was sitting as an appellate court on a question of law, "it could freely substitute its judgment for that of [the local government board] and apply *de novo* review as could the Court of Appeals with respect to the judgment of the superior court." *Id.*

### III.

**[2]** By their first assignment of error, respondents contend that the superior court erred when it found that the Board of Commissioners had acted *ultra vires* in allowing Concerned Citizens to effect its purported appeal under New Hanover County Subdivision Ordinance 32 § 3(2)(c). The relevant portions of Ordinance 32 § 3(2) read as follows:

(2) Upon completion of the preliminary plat review, the Planning Board shall approve or disapprove the plat.

(a) If the preliminary plat is approved, approval shall be noted on the sepia. One print of the plat shall be transmitted to the subdivider and the sepia shall be retained by the Planning Department. (4/6/87)

(b) When a preliminary plat is disapproved, the Planning Director shall specify the reasons for such action in writing. One copy of such reasons and the sepia shall be retained by the Planning Department and a print of the plat with the reasons for disapproval shall be given to the subdivider. If the preliminary plat is disapproved, the subdivider may make the recommended changes and submit a revised preliminary plat. (4/6/87)

(c) Decisions of the Planning Board Chairperson may be appealed to the Board of County Commissioners at which time they may affirm, modify, supplement, or remand the decision of the Planning Board Chairperson. (7/6/92)

Petitioner prevailed in the Superior Court arguing that under Ordinance 32 § 3(2) only petitioner, as the applicant, possessed a right to appeal an adverse decision to the Board of County Commissioners. We agree with the superior court that the ordinance, when read in its entirety, afforded only the petitioner, as applicant, the right to appeal beyond the Planning Board, i.e., the TRC.

This reading of the New Hanover County ordinance gives the language its plain meaning as indicated from its context. The sub-

division ordinance at issue does not contain any requirement that there be public hearings or public comment on the preliminary plan. Moreover, it does not mention the role or other rights of those such as adjacent property owners in this process. The plain language of the statute only addresses the rights of the applicant and the corresponding duty of the Planning Board. Indeed, by repeatedly using the word "shall" the ordinance mandates certain specific actions of the county. To read the right to appeal mentioned in 32 § 3(2)(c) as applying to other parties, e.g. Concerned Citizens, would require us to read into the ordinance rights of and involvement by individuals, classes, or other third parties about whom the ordinance is otherwise silent.

Our reading of the ordinance is in accordance with the typical processes of plat approval followed in other counties and cities of this state, which typically call for a ministerial or administrative role on the part of the locality. While this Court has previously recognized that a local government may choose to employ a quasi-judicial rather than an administrative or ministerial process, such a quasi-judicial process has been found only when the ordinance clearly authorized the elected governmental board—*i.e.* a city council or a board of county commissioners—to hold a public hearing and exercise discretion in making its decision. *See Guilford Financial Services, LLC v. The City of Brevard*, 150 N.C. App. 1, 563 S.E.2d 27 (2002), *rev'd on other grounds*, 356 N.C. 655, 576 S.E.2d 325 (2003) (noting existence of a less common quasi-judicial system for plat approvals in contradistinction to a ministerial system). When designed as a ministerial process the plat approval is unlike the zoning process because issues "such as density and character of the neighborhood and streets" are not addressed by the local governmental authority. *Nazziola v. Landcraft Props., Inc.*, 143 N.C. App. 564, 566-67, 545 S.E.2d 801, 803 (2001). As such, under a ministerial scheme, an applicant's compliance with the established procedures and requirements of the plat approval process renders the applicant entitled to the permit as a matter of law. *Quadrant Corp. v. City of Kinston*, 22 N.C. App. 31, 32, 205 S.E.2d 324, 325 (1974).

In *Nazziola*, the opponents of a plat approval sued the City of Greensboro and the developer contending that opponents possessed a right to be heard on the project. This Court rejected that argument and held that "a subdivision ordinance must set forth the procedures for granting or denying approval of a subdivision plat prior to registration." *Nazziola*, 143 N.C. App. at 566, 545 S.E.2d at 803. While

the Greensboro ordinance differed from the ordinance in the case *sub judice* by specifically stating that only the applicant possesses a right to appeal to the City Council, the holding in *Nazziola* nevertheless indicates that a plat approval procedure may be perfectly valid and appropriate without public comment even from the adjacent property owners. It is simply not permissible for a local governmental body to deploy novel, *ad hoc* procedures not previously authorized in an ordinance.

Local governments derive their authority to establish regulations such as those at issue here from the State of North Carolina pursuant to N.C. Gen. Stat. § 153A-332. This statute mandates that "[a] subdivision ordinance adopted pursuant to this Part shall contain provisions setting forth the procedures to be followed in granting or denying approval of a subdivision plat before its registration." N.C. Gen. Stat. § 153A-332 (2003). When a local government deviates from the ordinances it has established, the adversely affected applicant may appeal the matter to courts of this state.[3] Our courts have the authority to nullify action taken by the local entity when it has deviated from its own ordinance concerning the issuance of permits on subdivisions. *Quadrant*, 22 N.C. App. 31, 205 S.E.2d 324; *see also, Nazziola*, 143 N.C. App. at 566, 545 S.E.2d at 803 ("An applicant who meets the requirements of the ordinance is entitled to the issuance of a permit as a matter of right; and, it may not be lawfully withheld.").

IV.

We hold that the ordinance at issue in this case was clearly ministerial. As such, once the petitioner had complied with the terms of ordinance 32 § 3(2)(c), it was entitled to the permit as a matter of law, and moreover the Board of Commissioners had no legal authority under the ordinance to hear the matter unless and until the plat applicant, rather than a third party such as Concerned Citizens, appealed from the TRC. We, therefore, affirm the order and judgment issued by the superior court.

---

3. After the Board of Commissioners conducted the 1 October 2001 hearing, the New Hanover Co. Subdivision Ordinance was amended to include a new section, 32-3(4), which reads in pertinent part:

(4) Notice of Appeal:

An appeal from a decision regarding a preliminary plat shall be limited to the applicant, officials or departments of New Hanover County, or persons with a significant identifiable interest in the proposed plan, greater than that of the public at large, including but not limited to, adjacent property owners . . .

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.